# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1421-GPG

ERIC KING,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
CATHY GOETZ, former Warden FCI Florence,
D.K. LENNON, Acting Warden FCI Florence,
CHARLES A. DANIELS, Warden, USP Florence,
J. OLIVER, Warden, USP Florence,
NICOLE ENGLISH, Regional Director and Former Warden, USP Leavenworth,
JOHN F. WILLIAMS, Warden, FCI Englewood,
CHRISTOPHER GOMEZ, Correctional Institution Administrator, USP McCreary,
GREGORY KIZZIAH, Warden, USP McCreary,
ERLINDA HERNANDEZ, Associate Warden, FCI Florence,
TONYA HAWKINS, Warden, FCI Florence,
DONALD WILCOX,
JEFFREY KAMMRAD,
ROBERT GICONI,
DUSTIN GUSTAFSON,
KEVIN CAROLL,
BRANDON PARISH,
RICHARD WHITE,
ALFRED GARDUNO,
TERRA BRINK,
MICHELLE ABRAHAM,
LEANN REYNOLDS,
RONALD BATOUCHE,
LOREENA FRABONI,
D. CHRISTENSEN,
MARK MELVIN,
LIEUTENANT JARED HERBIG, Special Investigative Services, USP Leavenworth,
LIEUTENANT QUEZADA, Special Investigative Services, FCI Englewood,
CAPTAIN SAPP,
LIEUTENANT COOPER,
OFFICER WILLIS,
LIEUTENANT STARCHER,

1

BENJAMIN VALLE,
JOHN DOES 1-10, Unknown Federal Agents or Employees (FCI Florence Does, USP McCreary Does, USP Leavenworth Does, and USP Lee Does), and
JOHN DOES Segregation Review Officials (SRO) for USP Leavenworth, FCI Englewood, and USP McCreary,

      Defendants.

## MOTION TO TRANSFER LEAVENWORTH DEFENDANTS AND CLAIMS TO DISTRICT OF KANSAS, PURSUANT TO 28 U.S.C. 1631

The undersigned confirms that I have conferred with the opposing counsel in good faith regarding this motion, as required under local rule D.C. COLO. LCivR 7.1(a). Counsel for the Defendants does not have representation authority for the individual Defendants, and accordingly counsel for the Defendants cannot represent that the motion is unopposed.

Pursuant to 28 U.S.C. 1631, plaintiff hereby moves to transfer the following defendants and claims from this Court to the United States District Court for the District of Kansas (all citations are to the Second Amended Complaint, dkt 30):

**Defendants:**

- Individual defendant Nicole English (Regional Director and former USP Leavenworth Warden) (see ¶¶ 12, 25, 31, 34, 62, 63, 65).

- Individual defendant Lieutenant Jared Herbig (Special Investigative Services, USP Leavenworth) (see ¶¶ 12, 25, 31, 63).

- USP Leavenworth Does (see ¶¶ 14, 25, 31).

- USP Leavenworth Segregation Review Official (SRO) Does (see ¶¶ 14, 25, 31, 62, 63).

**Claims:**

- The portions of First Cause of Action, Counts One and Two that involve those individual defendants (see ¶¶ 12, 14, 25, 31, 34, 62, 63, 65, incorporated by reference into those Counts; and background paragraphs that relate to all defendants).

- The entirety of First Cause of Action, Count Nine (relating only to Leavenworth defendants and events).

28 U.S.C. 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court **shall**, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

(Emph. added).

After discussion with defendants' counsel, and after conducting research, it appears that the non-Colorado-based defendants would have viable arguments that this court does not have personal jurisdiction over them, because their actions occurred outside the state of Colorado. *See, e.g.*, *Gowadia v. Stearns*, 596 F. App'x 667, 670 (10th Cir. 2014; *Gambina v. Fed. Bureau of Prisons*, No. 10-CV-02376-MSK-KLM, 2011 WL 4502085, at *3 (D. Colo. Sept. 29, 2011); *Hill v. Pugh*, 75 F. App'x 715, 719 (10th Cir. 2003); *Gognat v. Ellsworth*, 224 P.3d 1039, 1053 (Colo. App. 2009), *aff'd*, 259 P.3d 497 (Colo. 2011).

It is in the interest of justice to transfer the Leavenworth defendants and claims to the District of Kansas, where those events occurred. *See, e.g.*, *Ross v. Colo. Outward Bound Sch.*,

3

*Inc.*, 822 F.2d 1524, 1526-27 (10th Cir.1987) (applying the transfer statute where the court lacks personal jurisdiction). Through § 1631, Congress "gave broad authority to permit the transfer of an action between any two federal courts," *id*. at 1526, and courts have effectuated Congress's intent by broadly construing the statute, *id*. at 1527.

A broad construction of the statute is consistent with Congress's intent to "protect a plaintiff against either additional expense or the expiration of a relevant statute of limitations in the event that the plaintiff makes an error in trying to select the proper court within the complex federal court system." 17 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4104, at 406 (2d ed.1986) (citing S. Rep. No. 97-275 (1982)). As the Sixth Circuit noted in *Roman v. Ashcroft*:

> it would be in the interest of justice to transfer the action because a dismissal of the action would only cause [the plaintiff] to incur the additional expense of filing the same habeas corpus petition in the Western District of Louisiana. *See* 17 Wright, Miller, & Cooper, *supra*, § 4104, at 406 (noting that § 1631 is intended in part to protect petitioners from incurring additional expense if they erroneously file in the wrong court).

340 F.3d 314, 329 (6th Cir. 2003).

In the instant case, both the added expense, and the potential for statutes of limitations to expire, support transferring the Leavenworth defendants and claims to the District of Kansas.

Respectfully submitted March 16, 2022.

    s/ Lauren Regan
LAUREN REGAN
Oregon State Bar #970878
Civil Liberties Defense Center
1430 Willamette St. #359
Eugene; Oregon 97401
541.687.9180
lregan@cldc.org
        Attorney for Plaintiff

CERTIFICATE OF SERVICE

      I hereby certify that on March 16, 2022, I sent a copy of the foregoing document to the following parties in the way described below each party's name:

      All defendants who have appeared, served via email to Andrew Soler, AUSA, Andrew.Soler@usdoj.gov

    /s/ Marianne Dugan
(Signature of person completing service)
Marianne Dugan
Civil Liberties Defense Center
1430 Willamette St. # 359
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org