## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01421-CMA-NYW

ERIC KING,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
CATHY GOMEZ, Former Warden FCI Florence,
D.K. LENNON, Acting Warden FCI Florence,
CHARLES A. DANIELS, Warden, USP Florence,
J. OLIVER, Warden, USP Florence,
NICOLE ENGLISH, Regional Director and Former Warden, USP Leavenworth,
JOHN F. WILLIAMS, Warden, FCI Englewood,
ERLINDA HERNANDEZ, Associate Warden, FCI Florence,
TONYA HAWKINS, Warden, FCI Florence,
DONALD WILCOX,
JEFFREY KAMMRAD,
ROBERT GICONI,
DUSTIN GUSTAFSON,
KEVIN CAROLL,
BRANDON PARISH,
RICHARD WHITE,
ALFRED GARDUNO,
TERRA BRINK,
MICHELLE ABRAHAM,
LEANN REYNOLDS,
RONALD BATOUCHE,
LOREENA FRABONI,
D. CHRISTENSEN,
MARK MELVIN,
LIEUTENANT JARED HERBIG, Special Investigative Services, USP Leavenworth,
LIEUTENANT QUEZADA, Special Investigative Services, FCI Englewood,
CAPTAIN SAPP,
LIEUTENANT COOPER,
OFFICER WILLIS,
LIEUTENANT STARCHER,
BENJAMIN VALLE,

JOHN DOES 1-10, Unknown Federal Agents or Employees (FCI Florence Does and USP Leavenworth Does), and
JOHN DOES Segregation Review Officials (SRO) for USP Leavenworth and FCI Englewood.

      Defendants.

**UNOPPOSED MOTION FOR EXTENSION OF TIME FOR THE BUREAU OF PRISONS AND THE UNITED STATES TO RESPOND TO SECOND AMENDED COMPLAINT, ECF No. 34**

      Pursuant to D.C.COLO.LCivR 6.1, the Bureau of Prisons ("BOP") and the United States, through undersigned counsel, hereby move for a 45-day extension of the time to answer or otherwise respond to Plaintiff's Second Amended Complaint ("SAC"), ECF No. 34, up to and including May 9, 2022.  There is good cause for the requested extension, as discussed below, because many of the individual Defendants have not been served in their individual capacities, and the requested extension may permit undersigned counsel to submit a single, cohesive response on behalf of all Defendants, rather being required to submit staggered and potentially duplicative responses to the SAC.  Further, counsel for the parties are working amicably to resolve any potential deficiencies in the SAC that can be cured without a Rule 12 motion.

      Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that he has conferred with counsel for Plaintiff, who stated that they have no objection to an extension of 45-days of the BOP's and the United States' deadline to respond to the SAC.

2

1. The United States Attorney's Office was served with the SAC on January 24, 2022. Accordingly, the BOP's and the United States' response is currently due on March 25, 2022. *See* Fed. R. Civ. P. 12(a)(2) (providing that United States and its agencies must respond to a complaint within 60 days of service on the United States Attorney's Office).

2. On March 7 and 8, 2022, undersigned counsel for Plaintiff served the summons and SAC on an attorney-advisor for the BOP (who is acting as the designated agent) for six individual Defendants (Batouche, Fraboni, Gustafson, Kammrad, Maine, and Wilcox). Accordingly, those individual Defendants' deadline to respond to the SAC is May 6 and 9, 2022. *See* Fed. R. Civ. P. 12(a)(3) (providing that a United States officer or employee sued in their individual capacity must respond to a complaint within 60 days of service the officer or employee).

3. Agency counsel for the BOP is still in the process of locating other individual Defendants who may designate an agent under Rule 4(e)(2)(C). Undersigned counsel for Defendants anticipates that other individual Defendants may also designate the attorney-advisor for the BOP to act as an agent authorized to receive service of process.[1]

4. Defendants sued in their individual capacities have the option of obtaining counsel to represent them. The United States Attorney's Office often provides this

---

[1] Plaintiff has filed a motion for extension of time to serve the defendants. *See* ECF No. 57. As this motion pertains to the individually named Defendants only, and undersigned counsel does not have representation authority, undersigned counsel cannot provide a position on that motion.

3

service, but the Department of Justice must approve representation authority before any action may be taken on behalf of the individual-capacity Defendants.  *See generally* 28 C.F.R. § 50.15 (procedure for federal employees to request representation from DOJ).  The procedures to obtain representation authority include a written request by the individually named Defendants, a determination by the employee's agency regarding whether representation is appropriate (here, the BOP), and a determination by DOJ as to whether representation is appropriate.  *Id.* at §§ 50.15(a)(1)-(2) (the DOJ attorney evaluating the request is in Washington, D.C., and is not part of the U.S. Attorney's Office in Denver.).  DOJ must approve representation authority before any action may be taken on behalf of the individual-capacity Defendants.  *See* 28 C.F.R. § 50.15.[2]

5.  Undersigned counsel does not yet have the authority to represent any Defendants in their individual capacities.  If representation authority is ultimately not approved, the individual Defendants will require time in which to obtain private counsel to represent them for the individual-capacity claims.

6.  Further, the parties have been working cooperatively to resolve any potential deficiencies in the SAC.  To the extent the parties agree upon those deficiencies, Plaintiff may file a separate amended complaint resolving those deficiencies without a Rule 12 motion.[3]

---

[2] During the period when a request for representation is pending, a request may be filed seeking an extension of time for the defendant to respond to the complaint.  *See* United States Attorneys' Manual 4-5.410, 4-5.412, *available at* https://www.justice.gov/jm/jm-4-5000-tort-litigation.

[3] Plaintiff has already filed a motion to transfer the Leavenworth Defendants and claims to Kansas.  *See* ECF No. 56.  As this motion pertains to certain individually named Defendants only, and undersigned counsel does not have representation authority,

7. Upon the filing of an amended complaint, Defendants will have 14-days to answer or otherwise respond. *See* Fed. R. Civ. P. 15(a)(3).

8. Accordingly, Defendants the BOP and the United States seek an extension of 45-days, up to and including May 9, 2022, in which to respond to the SAC. An additional 45-days may allow for three important milestones to occur: (1) service on the remaining Defendants in their individual capacities; (2) the representation authority process to proceed; and (3) conferral between the parties regarding deficiencies in the SAC, and the potential filing of a separate amended complaint.

9. If service takes place and representation authority is approved for Defendants in their individual capacities during the extension, the requested extension will promote judicial economy and permit undersigned counsel to submit a single, cohesive response on behalf of all Defendants to an amended complaint that is the result of conferral between the parties, rather being required to submit staggered and duplicative responses to the SAC.

10. Fed. R. Civ. P. 6(b)(1)(A) permits the Court to extend the time period for taking any action, on a motion filed before the deadline for such action, upon a showing of good cause. Good cause exists here because certain individual Defendants have not yet been served in their individual capacities, and accordingly Defendants have not yet received representation on the individual-capacity *Bivens* claim. Further, the parties are working to resolve potential deficiencies in the SAC without Court intervention.

---

undersigned counsel also cannot provide a position on that motion. To the extent those individual Defendants are no longer in this action, that will also impact the proceedings in this action.

11. The requested extension will not prejudice Plaintiff or delay the progression of this case because no scheduling conference has been set and discovery has not started. Rather, the requested relief will simplify and streamline the proceedings, and promote judicial economy. Moreover, pursuant to D.C.COLO.LCivR 7.1(a), as noted, Plaintiff does not oppose the requested extension.

12. Pursuant to D.C.COLO.LCivR 6.1(b), undersigned counsel certifies that the BOP and the United States have not sought a previous extension of time to file a response to the SAC.

13. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this motion will be served upon a BOP representative for Defendants.

WHEREFORE, for the reasons set forth above, Defendants the BOP and the United States respectfully request that the Court extend their deadline to respond to the SAC by 45-days, up to and including May 9, 2022.

Respectfully submitted this 23rd day of March, 2022,

COLE FINEGAN
United States Attorney

*s/Andrew M. Soler*
Andrew M. Soler
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Tel: (303) 454-0100
Andrew.Soler@usdoj.gov
Counsel for BOP and United States

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

Lauren Christelle Regan
lregan@cldc.org, adminassociate@cldc.org, office@cldc.org

                                        s/ *Andrew M. Soler*
                                        Andrew M. Soler