IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01421-CMA-NYW

ERIC KING,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
CATHY GOETZ,
D.K. LENNON,
CHARLES A. DANIELS,
J. OLIVER,
NICOLE ENGLISH,
JOHN F. WILLIAMS,
CHRISTOPHER GOMEZ,
GREGORY KIZZIAH,
ERLINDA HERNANDEZ,
TONYA HAWKINS,
DONALD WILCOX,
JEFFREY KAMMRAD,
ROBERT GICONI,
DUSTIN GUSTAFSON,
KEVIN CAROLL,
BRANDON PARISH,
RICHARD WHITE,
ALFRED GARDUNO,
TERRA BRINK,
MICHELLE ABRAHAM,
LEANN REYNOLDS,
RONALD BATOUCHE,
LOREENA FRABONI,
D. CHRISTENSEN,
MARK MELVIN,
LIEUTENANT JARED HERBIG,
LIEUTENANT QUEZADA,
CAPTAIN SAPP,
LIEUTENANT COOPER,
OFFICER WILLIS,
LIEUTENANT STARCHER,
BENJAMIN VALLE,
JOHN DOES 1-10, Unknown Federal Agents or Employees, and


JOHN DOES, Segregation Review Officials,

    Defendants.

---

## ORDER ON MOTION TO TRANSFER

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Motion to Transfer Leavenworth Defendants and Claims to District of Kansas, Pursuant to 28 U.S.C. § 1631 (the "Motion" or "Motion to Transfer") [Doc. 56] filed on March 16, 2022 by Plaintiff Eric King ("Plaintiff" or "Mr. King"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated December 16, 2021, [Doc. 35], and the Memorandum dated March 23, 2022. [Doc. 58]. Having reviewed the Motion and the applicable case law, the Motion to Transfer is respectfully **DENIED without prejudice**.[1]

## BACKGROUND

Mr. King is currently in the custody of the Federal Bureau of Prisons ("BOP") and is housed at the Federal Correctional Institution in Englewood, Colorado ("FCI Englewood"). [Doc. 30 at ¶ 6]. Throughout his time in BOP custody, Mr. King has also been housed at the Federal Correctional Institution in Florence, Colorado ("FCI Florence"), the United States Penitentiary in Florence, Colorado ("USP Florence"), the

---

[1] "A number of courts have held . . . that a motion to transfer venue does not have a dispositive effect, even if granted." *Hubbard v. Argent Mortg. Co., LLC*, No. 15-cv-02375-WJM-CBS, 2016 WL 4537869, at *3 (D. Colo. Aug. 31, 2016) (collecting cases). "Similar to a motion to remand, a motion related to venue 'is concerned only with which court will hear the claims and defenses, not with resolving the merits of those claims and defenses.'" *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 7168657, at *2 (D. Colo. Dec. 23, 2019) (quoting *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Ams.*, 397 F. Supp. 2d 698, 702 (W.D.N.C. 2005)). Because this court's ruling is not dispositive of any Party's claim or defense, the court proceeds by Order rather than by Recommendation.

United States Penitentiary in McCreary, Kentucky ("USP McCreary"), the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), and the United States Penitentiary in Lee, Virginia ("USP Lee").  *See, e.g.*, [*id.* at ¶¶ 29-34].  Plaintiff initiated this civil action on May 25, 2021, *see* [Doc. 1], alleging that the United States, the BOP, 32 named individual Defendants, and unidentified Doe Defendants have, on multiple occasions, violated his constitutional rights.  *See generally* [Doc. 30].

At this juncture, the United States and the BOP have both been served, and counsel has entered an appearance on behalf of these Defendants.  *See* [Doc. 40; Doc. 41; Doc. 59].  Additionally, nine of the 32 individual Defendants have been served.  *See* [Doc. 48; Doc. 49; Doc. 50; Doc. 51; Doc. 52; Doc. 53; Doc. 62; Doc. 63; Doc. 64].  Plaintiff's deadline to serve the remaining Defendants is May 31, 2022.  [Doc. 61].

On March 16, 2022, Plaintiff filed the instant Motion to Transfer pursuant to 28 U.S.C. § 1631, requesting to transfer some, but not all, Defendants and claims to the United States District Court for the District of Kansas.  [Doc. 56 at 2].  Specifically, Mr. King seeks to transfer his claims against Defendants Nicole English, Lieutenant Jared Herbig, "USP Leavenworth Does," and "USP Leavenworth Segregation Review Official (SRO) Does" (collectively, the "Leavenworth Defendants").  [*Id.*].[2]  As the basis for his Motion, Plaintiff asserts that "it appears that the non-Colorado-based defendants would have viable arguments that this court does not have personal jurisdiction over them," and it is thus "in the interest of justice" to transfer the claims against the Leavenworth Defendants to the District of Kansas.  [*Id.*].

---

[2] Mr. King states that the claims against the Leavenworth Defendants include "[t]he portions of [the] First Cause of Action, Counts One and Two that involve [the Leavenworth Defendants]" as well as "[t]he entirety of [the] First Cause of Action, Count Nine."  [Doc. 56 at 3].

3

The Leavenworth Defendants have not been served and have not yet appeared in this matter; accordingly, they have not submitted a response to the Motion.[3] The court thus turns to the merits of Mr. King's request. *See* D.C.COLO.LCivR 7.1(d) (the court may rule on a motion at any time after it is filed).

## LEGAL STANDARD

Section 1631 of Title 28 of the United States Code provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Jurisdictional deficiencies curable via § 1631 include defects in personal jurisdiction. *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011); *see also Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (section 1631 applies to personal jurisdiction defects); *Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 43 (1st Cir. 2006) (same). But because § 1631 permits transfer only to courts in which the action could have been brought in the first instance, before transferring a case to a different District, the transferor court must "first satisfy itself that the proposed transferee court has personal jurisdiction over the parties." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012).

Moreover, despite the statute's use of the word "shall," the Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action

---

[3] Plaintiff represents that he conferred with counsel for the United States and the BOP, but because counsel does not have representation authority for the individual Defendants, counsel could not provide a position on the Motion. [Doc. 56 at 2].

without prejudice.'" *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) (citing *United States v. Botefuhr*, 309 F.3d 1263, 1274 n.8 (10th Cir. 2002)). To determine whether a transfer would be in the interest of justice, the court considers "[1] whether the claims would be time barred if filed anew in the proper forum, [2] whether the claims alleged are likely to have merit, and [3] whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

## ANALYSIS

As mentioned above, Plaintiff seeks to transfer the claims against the Leavenworth Defendants to the District of Kansas. In his Motion, Mr. King states that "[a]fter discussion with defendants' counsel, and after conducting research, it appears that the non-Colorado-based defendants would have viable arguments that this court does not have personal jurisdiction over them[] because their actions occurred outside the state of Colorado." [Doc. 56 at 3 (citing cases)]. Mr. King contends that it is in the interest of justice to transfer the Leavenworth Defendants—and the related claims—to the District of Kansas, "where those events occurred." [*Id.*]. In support, Plaintiff maintains that "the added expense, and the potential for statutes of limitations to expire, support transferring the Leavenworth [D]efendants and claims to the District of Kansas." [*Id.* at 4]. For the reasons set forth below, the court finds that Plaintiff has not met his burden of establishing that transfer under § 1631 is either permissible or warranted.

*First*, the court presently cannot determine whether it lacks personal jurisdiction over the Leavenworth Defendants, i.e., that there is a jurisdictional defect warranting transfer under § 1631. *See* 28 U.S.C. § 1631 (permitting transfer only where the court

5

"finds that there is a want of jurisdiction"). Indeed, there is presently no argument properly before the court raising personal-jurisdiction issues. While Mr. King suggests that the "non-Colorado-based defendants *would have* viable arguments that this court does not have personal jurisdiction over them," [Doc. 56 at 3 (emphasis added)], he does not himself argue or concede a lack of personal jurisdiction, *see generally* [*id.*], and the Leavenworth Defendants, who have not been served and have not appeared, have similarly not raised this argument. In essence, Mr. King requests that the court *sua sponte* conduct its own personal jurisdiction analysis, presumably based on the allegations in the Second Amended Complaint, absent any argument or briefing from the Parties. *See Schaffer v. Clinton*, 240 F.3d 878, 880 (10th Cir. 2001) ("Because the argument was not raised, it is not before this Court.").

The court cannot do so. First, it is not the court's obligation to conduct legal research or construct arguments on behalf of parties. *Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016). But more importantly, "a district court may not inquire into its personal jurisdiction and dismiss a case *sua sponte* except when entering a default judgment." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). This is because where, as here, the time for filing a responsive pleading has not yet expired, there still remains the possibility that the defendants "may choose to waive the [personal jurisdiction] defects or subject themselves to the court's jurisdiction in any event." *Id.* at 1203; *compare id.* ("In reviewing its personal jurisdiction [in entering default judgment], the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment."). As such, this court cannot *sua sponte* conduct an analysis of its personal jurisdiction,

6

where there still remains the possibility that the Leavenworth Defendants may waive that defense.

**Second**, Mr. King has not carried his burden to establish that transfer is either permissible under the statute or in the interest of justice. Plaintiff does not argue that the District of Kansas has personal jurisdiction over the Leavenworth Defendants or otherwise demonstrate that the case could have been filed in the District of Kansas in the first instance. *See generally* [Doc. 56]. While the court could assume the existence of personal jurisdiction based on the allegations in the Second Amended Complaint, any assumption would be insufficient to conclusively *satisfy* the court of the transferee court's personal jurisdiction. *See Grynberg*, 490 F. App'x at 106 (affirming decline of transfer where the plaintiffs "failed to show that the [transferee court] would have personal jurisdiction over the defendants"); *Lebahn*, 813 F.3d at 1308.

Moreover, Mr. King has not established that transferring the claims against the Leavenworth Defendants would be in the interest of justice, as he has not specifically addressed (1) whether the claims against the Leavenworth Defendants would be time-barred if he were required to file them anew in the District of Kansas; (2) whether his claims are likely to have merit; and (3) whether his claims were brought in good faith. *See* [Doc. 56]; *see also Cline*, 531 F.3d at 1251. Instead, Plaintiff merely asserts that "the added expense, and the *potential* for statutes of limitations to expire, support" a transfer. [Doc. 56 at 4 (emphasis added)]. This conclusory statement is insufficient to persuade the court that transfer is warranted under § 1631. *See Frontier Astronautics, LLC v. Frontier Aerospace Corp.*, No. 19-cv-02186-RM-MEH, 2020 WL 1234896, at *10 (D. Colo. Mar. 13, 2020), *report and recommendation adopted as modified*, 2020 WL

7

5406125 (D. Colo. Sept. 9, 2020) (recommending denial of transfer where there was "no argument nor evidence indicating whether Plaintiff's claims would be time-barred"); *Proud Veterans, LLC v. Ben-Menashe*, No. 12-cv-1126-JAR, 2014 WL 1328300, at *2 (D. Kan. Apr. 2, 2014) (concluding that the plaintiff failed to meet his burden where he did not allege that, if the case were dismissed, the statute of limitations would bar the claims if re-filed); *CAPPA Fund III, LLC v. ACTTHERM Holding*, No. 3:10-cv-0897-L, 2010 WL 3766754, at *4 (N.D. Tex. Sept. 27, 2010) (denying motion to transfer where the plaintiff "provided no explanation for its filing in Texas" and did not "allege[] any harm to it by dismissal without prejudice of its claims in Texas").

**Third**, and finally, the court simply notes that Mr. King has provided no legal authority supporting his request to transfer some, but not all, of the Defendants and claims to the District of Kansas. There appears to be a split in authority as to whether § 1631 requires transfer of an entire action or alternatively permits partial transfer. *Compare ITServe All., Inc. v. Cuccinelli*, 502 F. Supp. 3d 278, 290 (D.D.C. 2020) ("The court cannot . . . transfer individual claims over which it lacks jurisdiction. It must transfer the entire 'action' or not at all.") (citing *Hill v. U.S. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986)) *with Rice v. Electrolux Home Prod., Inc.*, No. 4:15-cv-00371, 2020 WL 4700676, at *1 (M.D. Pa. Aug. 13, 2020) ("While the plain text of Section 1631 refers to the transfer of a complete 'action,' the Third Circuit has confirmed that a district court can transfer an individual claim using Section 1631.") (citing *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009)).

The Tenth Circuit has indicated, but has not expressly held, that a court may transfer a portion of the claims in an action to another District after severing the

transferable claims under Rule 21 of the Federal Rules of Civil Procedure. *See F.D.I.C. v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996) (affirming district court's partial transfer upon concluding that "the district court's order is properly construed as a severance of the claims under Rule 21."). But subsequent to *McGlamery*, the Tenth Circuit found "a patent impediment" to transfer under § 1631 where "three sets of defendants reside[d] in different states, so there was no single court to which the action could be transferred with any assurance that jurisdiction would have been proper." *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011) (emphasis added).

Plaintiff's Motion does not discuss this authority or whether the court would first need to sever certain claims under Rule 21 to effectuate a valid transfer. *See* [Doc. 56]. Moreover, while Mr. King currently only seeks transfer of the Leavenworth Defendants, it is unclear whether Plaintiff may, in the future, seek transfer of the Defendants whose alleged acts took place in Kentucky or Virginia. *See* [Doc. 30 at ¶¶ 70-71, 76]. "District courts within the Tenth Circuit consistently have applied *Shrader* to find that dismissal, rather than transfer, is appropriate where the lawsuit 'features multiple defendants residing in different states, so there [is] no single court to which the action could be transferred with any assurance that jurisdiction would have been proper.'" *Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-01199-CMA-STV, 2020 WL 4454897, at *7 (D. Colo. May 14, 2020), *report and recommendation adopted*, 2020 WL 4448771 (D. Colo. Aug. 3, 2020) (collecting cases) (quoting *Murray v. Jewell Cty.*, No. 11-cv-00596-DME-KMT, 2011 WL 2601528, at *3 (D. Colo. June 30, 2011)). In light of this precedent and in the interest of judicial economy, Plaintiff **shall address** in any renewed motion

9

whether he intends to seek transfer of any other Defendants and, if so, why a piecemeal transfer to multiple Districts would be appropriate.

As the moving party, Plaintiff bears the burden of establishing each of the elements justifying transfer: (1) a lack of jurisdiction in the transferor court; (2) that the transfer would be in the interest of justice; and (3) that the case could have been brought in the transferee court when it was originally filed.  *Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 233 (D.D.C. 2018).  Mr. King has not met his burden on any of these elements.  Accordingly, the Motion to Transfer is **DENIED without prejudice**, with leave to re-file if appropriate.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

(1)   The Motion to Transfer Leavenworth Defendants and Claims to District of Kansas, Pursuant to 28 U.S.C. § 1631 is **DENIED without prejudice**.

DATED:  March 25, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge