# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01421-CNS-KLM

ERIC KING,

Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
CATHY GOETZ, Former Warden FCI Florence,
D.K. LENNON, Acting Warden FCI Florence,
NICOLE ENGLISH, Regional Director and Former Warden, USP Leavenworth,
JOHN F. WILLIAMS, Warden, FCI Englewood,
ERLINDA HERNANDEZ, Associate Warden, FCI Florence,
TONYA HAWKINS, Warden, FCI Florence,
DONALD WILCOX,
JEFFREY KAMMRAD,
ROBERT GICONI,
DUSTIN GUSTAFSON,
KEVIN CARROLL,
RICHARD WHITE,
ALFRED GARDUNO,
TERRA BRINK,
MICHELLE ABRAHAM,
LEANN REYNOLDS,
RONALD BATOUCHE,
LOREENA FRABONI,
D. CHRISTENSEN,
MARK MELVIN,
LIEUTENANT JARED HERBIG, Special Investigative Services, USP Leavenworth,
LIEUTENANT QUEZADA, Special Investigative Services, FCI Englewood,
CAPTAIN SAPP, FCI Englewood
LIEUTENANT STARCHER, FCI Englewood
JOHN DOES 1-10, Unknown Federal Agents or Employees (FCI Florence Does and USP Leavenworth Does),
JOHN DOES Segregation Review Officials (SRO) for USP Leavenworth and FCI Englewood.
DAVID HUMPHRIES, former Florence and Englewood Lieutenant,
ROBERT CORDOVA, FCI Florence Special Investigative Lieutenant
JASON WILCOX, USP Florence Correctional Officer,
BRADLEY GRIELICK, Former Warden FCI Englewood
JOHN DOES 16-20, Unknown Federal Agents or Employees of the United States Marshal Service
ANDRE MATEVOUSIAN, Former Warden of Florence Correctional Complex, Current Regional Director

Defendants.

**NOTICE OF ERRATA TO PLAINTIFF'S FOURTH AMENDED COMPLAINT &
NOTICE OF PLAINTIFF'S FOURTH AMENDED COMPLAINT OR IN THE
ALTERNATIVE MOTION FOR LEAVE TO FILE PLAINTIFF'S FOURTH
AMENDED COMPLAINT (Doc. 117)**

### I. NOTICE OF ERRATA TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

1. Plaintiff Eric King (hereinafter "Mr. King") by and through counsel, respectfully submits the instant *Notice of Errata* to *Plaintiff's Fourth Amended Complaint* to correct an inadvertent error. Pursuant to Fed. R. Civ. P. 15(a)(1)(A), on February 21, 2023, Plaintiff electronically filed *Plaintiff's Fourth Amended Complaint*, on February 21, 2023, in accordance with the established filing schedule. Docket No. 117.

2. Counts Four, Five, Ten, Twelve, Fourteen to *Plaintiff's Fourth Amended Complaint* erroneously cites to 42 U.S.C. §1983 (hereinafter "seven counts") as their primary vehicle. The seven counts should all cite and list *Bivens v. Six Unknown Named Agent,* 403 U.S. 388 (1971) as their primary vehicle.

3. In Count 6, *Plaintiff's Fourth Amended Complaint* wrongfully lists FCI Englewood as the facility and location of Plaintiff's RFRA Claims. In fact, this section should list FCI/USP Florence and FCI Englewood as the location and Defendants' Counsel for Plaintiff failed to correct this typographical error.

4. Paragraph ninety-six (96) of *Plaintiff's Fourth Amended Complaint* inaccurately references Melvin as testifying during an evidentiary hearing. However, Defendant Melvin did not testify during the evidentiary hearing, though the details regarding his

role in helping to oversee the four-point restraint process and directing the video recording are accurate.

5. Counsel for Plaintiff apologizes for these errors and respectfully requests that this Court and all Parties to this action take note of the above

## II. NOTICE OF PLAINTIFF'S FOURTH AMENDED COMPLAINT AND IN THE ALTERNATIVE PLAINTIFF'S <u>OPPOSED</u> MOTION FOR LEAVE TO FILE PLAINTIFF'S FOURTH AMENDED COMPLAINT

### A. NOTICE OF PLAINTIFF'S FOURTH AMENDED COMPLAINT

1. Pursuant to Fed. R. Civ. P. 15, on February 21, 2023, Plaintiff, Eric King, hereby filed Fourth Amended Complaint. Doc. 117.

2. On November 16, 2022, Plaintiff's and opposing counsel submitted a *Joint Motion for Extension of Time to File Answer or Otherwise Respond to set Deadline to file Motion to Amend and Set Related Deadlines* (hereinafter "Joint Motion") Doc. 113.

3. November 21, 2022, the Honorable presiding Judge Kirsten L. Mix granted the Joint Motion, stating:

**Notice of Electronic Filing**

The following transaction was entered on 11/21/2022 at 4:01 PM MST and filed on 11/21/2022
**Case Name:** King v. USA et al
**Case Number:** 1:21-cv-01421-CNS-KLM
**Filer:**
**Document Number:** 115

**Docket Text:**
**MINUTE ORDER by Magistrate Judge Kristen L. Mix on 11/21/2022. IT IS HEREBY ORDERED that the Motion [113] is GRANTED. The deadline for Plaintiff to**

> **file the Fourth Amended Complaint is February 21, 2023. Defendants have 30 days from the docketing of the Fourth Amended Complaint to file an answer or other responsive pleading. The deadline to answer the Third Amended Complaint [93] is stayed pending the filing of the Fourth Amended Complaint. (alave,)** Doc. 117

4. Based on a plain reading of the text of the Court's order, Plaintiff reasonably understood the order to permit filing of *Plaintiff's Fourth Amended Complaint*.

5. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Should the court believe that a *Motion for Leave to File Plaintiff's Fourth Amended Complaint* is necessary, Plaintiff's counsel does so now and respectfully apologizes for this discrepancy and requests that the Court exercise its discretion in the interests of justice to grant leave to file the Fourth Amended Complaint.

### B. PLAINTIFF'S <u>OPPOSED</u> MOTION FOR LEAVE TO FILE PLAINTIFF'S FOURTH AMENDED COMPLAINT (Doc. 115)

1. Pursuant to D.C. COLO.LCiv.R 7.1(a), Counsel for Plaintiff has conferred with opposing counsel and Counsel for Defendants indicates that after reading the *Plaintiff's Fourth Amended Complaint* intends to oppose the instant *Plaintiff's Opposed Motion for Leave File Plaintiff's Fourth Amended Complaint* (hereinafter "Motion for Leave").

2. Thus, in accordance with D.C. COLO.LCivR 15.1(b), attached hereto is an exhibit copy of the proposed amended or supplemental pleading which strikes through the text to be deleted and underlines the text to be added. Ex. 1.

3. Moreover, motions to strike are disfavored. *United States v. Shell Oil Co.*, 605 F. Supp 1064, 1085 (D. Colo. 1985) (citing 5 Wright & Miller, Federal Practice and Procedure §, Federal Practice and Procedure § 1380, at 783 (1969)); *see also Sierra*

*Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (describing Rule 12(f) motions as a "generally-disfavored, drastic remedy.").

4. Plaintiff moves to file the Amended Complaint within a time permitted by the Court in the scheduling order. Allowing Plaintiffs to file the Amended Complaint would serve justice for a man who is incarcerated in some of the most restrictive conditions in the United States Bureau of Prisons. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

5. Through the Fourth Amended Complaint, Plaintiffs seek to address serious inadequacies present in the *Third Amended Complaint*. Doc. 93. October 2022, the undersigned counsel entered their appearance this case in October 2022. Docs. 106, 110.

6. As counsel reviewed the existing complaint and conferred with opposing counsel, significant legal issues and inadequate pleadings became apparent. After objective evaluation from a professional legal perspective, current counsel became aware of multiple unactionable claims including pleadings that do not satisfy the *Twombly* standards. To advance the best interests of the client, Plaintiff's counsel holds the view that to advance part and/or all of the proceeding complaint and subsequent amended complaints filed by the Civil Liberties Defense Center (hereinafter "CDLC") is tantamount to malpractice. Similarly, Plaintiff's counsel holds the view that a failure to bring all meritorious and actionable claims with respect to the instant case would also be tantamount to malpractice and would not have agreed with Defendants' counsel nor

anyone else to limit or narrow the scope of Mr. King's claims nor parties to this action. Doc. 113.

7. Plaintiff's counsel received the file for Mr. King and have spent the last ninety (90) days attempting to maintain communication with Mr. King despite significant delay and interference from the BOP as well as managing files, reviewing records, and assembling appropriate pleadings. It is the obligation for counsel to bring forward all relevant claims.

8. Mr. King has faced significant delay and obstruction to the administrative remedy process including six (6) month delays in processing grievances. By way example, Exhibit 1, demonstrates that Mr. King submitted an appeal to BOP Central Headquarters on November 24, 2020 regarding Amended Complaint Count No. 18 (Gustafson FTCA Claim), but that it was not marked as "received" until January 2021 and that the Bureau did not respond to Mr. King until August 2021. *See* Exhibit 2. As such, administrative remedies have been unavailable to Mr. King. Plaintiff's only hope for remedy to his substantial and life-threatening concerns is the Court.

9. The *Third Amended Complaint* was filed in June of 2022. Doc. 93. Former counsel was not able to include the substantial trial interference or Plaintiff's retaliatory assignment to ADX in August of 2022, or ongoing conspiratorial acts that violate Mr. King's Constitutional and human rights.

10. Furthermore, the law in the Tenth Circuit has changed since former counsel filed the *Plaintiff's Third Amended Complaint*. *Silva v. Bureau of Prisons* ((No. 21-1008) (10th Cir. 2022)) was decided in August 2022 shortly following the Supreme Court's decision in *Egbert v. Boule*, 142 S.Ct. 1793 (2022). Plaintiff's counsel would fail in

their professional duties to Mr. King should these issues not be corrected, and Mr. King's now ripe claims presented to the Court to allow Mr. King the chance to adjudicate them.

11. Accordingly, the proposed amendments, intends to reflect and cure the deficiencies in the Third Amended Complaint filed by previous counsel CLDC, as stated *supra* and additionally are as follows:

   a. Addition of five additional named Defendants;
   b. Robust presentation of facts; and a
   c. Complete set of legal claims which reflects the relevant law at the time of the instant motion.

12. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certify that a copy of this motion will be served upon Mr. King.

13. Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for the Defendants regarding this motion. Counsel for Defendant represents that Defendants oppose the relief sought with respect to *Plaintiff's Motion for Leave To File Fourth Amended Complaint*.

WHERFORE, Mr. King, respectfully moves this court to accept his Plaintiff's Fourth Amended Complaint and in the alternative, grant leave to file the Plaintiff's Fourth Amended Complaint.

Respectfully submitted February 21, 2023,

        ERIC KING, Plaintiff

        By Counsel

        */s/ Sandra C. Freeman*
        Law Office of Sandra C. Freeman, LLC
        224 W. Rainbow Blvd. #103
        Salida, Colorado 81201
        sandra@sandrafreemanlaw.com

        */s/ Jenipher R. Jones*
        A People's Law Office
        110 16th Street
        Suite 1400
        #1001
        Denver, CO 80202

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all other counsel of record.

    Andrew Soler
    Assistant United States Attorney]
    Andrew.Soler@usdoj.gov
    Counsel for Defendants Bureau of Prisons and United States

                                     */s/ Sandra C. Freeman*
                                     Sandra C. Freeman, Attorney at Law
                                     Counsel for Eric King