IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01421-CNS-KLM

ERIC KING,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
CATHY GOETZ, Former Warden FCI Florence,
D.K. LENNON, Acting Warden FCI Florence,
NICOLE ENGLISH, Regional Director and Former Warden, USP Leavenworth,
JOHN F. WILLIAMS, Warden, FCI Englewood,
ERLINDA HERNANDEZ, Associate Warden, FCI Florence,
TONYA HAWKINS, Warden, FCI Florence,
DONALD WILCOX,
JEFFREY KAMMRAD,
ROBERT GICONI,
DUSTIN GUSTAFSON,
KEVIN CARROLL,
RICHARD WHITE,
ALFRED GARDUNO,
TERRA BRINK,
MICHELLE ABRAHAM,
LEANN REYNOLDS,
RONALD BATOUCHE,
LOREENA FRABONI,
D. CHRISTENSEN,
MARK MELVIN,
LIEUTENANT JARED HERBIG, Special Investigative Services, USP Leavenworth,
LIEUTENANT QUEZADA, Special Investigative Services, FCI Englewood,
CAPTAIN SAPP,
LIEUTENANT STARCHER,
JOHN DOES 1-10, Unknown Federal Agents or Employees (FCI Florence Does and USP Leavenworth Does),
JOHN DOES Segregation Review Officials (SRO) for USP Leavenworth and FCI Englewood.
DAVID HUMPHRIES, Former Florence and Englewood Lieutenant,
ROBERT CARDOVA, FCI Florence Special Investigative Lieutenant,
JASON WILCOX, USP Florence Correctional Officer,
BRADLEY GRIELICK, Former Warden FCI Englewood

JOHN DOES 16-20, Unknown Federal Agents or Employees of the United States Marshal Service, and
ANDRE MATEVOUSIAN, Former Warden of Florence Correctional Complex, Current North Central Regional Director.

Defendants.

**SERVED DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT**

The Served Defendants[1] hereby respond to Plaintiff's "Notice of Errata" and Motion for Leave to Amend Complaint. ECF No. 121 ("Motion to Amend").[2] The Parties had previously jointly informed the Court that a Fourth Amended Complaint would "remove and streamline certain claims in this matter." ECF No. 113 at 1. Instead, the proposed Fourth Amended Complaint adds five new individual defendants and new claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and the Religious Freedom Restoration Act ("RFRA"). *See generally* ECF No. 117.

As discussed below, the Motion to Amend should be denied because the proposed amendments are futile, and they are also untimely and prejudice Defendants.

---

[1] The twenty-four Served Defendants are the BOP, the United States, Michelle Abraham, Ronald Batouche, Terra Brink, Kevin Caroll, D. Christensen, Loreena Fraboni, Alfred Garduno, Robert Giconi, Cathy Goetz, Dustin Gustafson, Tonya Hawkins, Erlinda Hernandez, Jeffrey Kammrad, D.K. Lennon, Mark Melvin, Lieutenant Quezada, Leann Reynolds, Lieutenant Starcher, Captain Sapp, Richard White, Donald Wilcox, and John Williams. *See* ECF Nos. 40, 41, 48-53, 62-64, 67-77, 81-84. All other Defendants have not been served.

[2] The full title of Plaintiff's Motion to Amend is "Notice of Errata to Plaintiff's Fourth Amended Complaint & Notice of Plaintiff's Fourth Amended Complaint or in the Alternative Motion for Leave to File Plaintiff's Fourth Amended Complaint (Doc. 117)." The Motion to Amend was filed on February 23, 2023.

## PROCEDURAL BACKGROUND

**The original Complaint.** Nearly two years ago, in May 2021, Plaintiff, through counsel, commenced this action. *See* ECF No. 1. In the original complaint, Plaintiff brought suit against 41 separate defendants. *Id.* Plaintiff brought eight claims under *Bivens* for "conspiracy to violate constitutional rights," *id.* at 21, "deliberate indifference to constitutional rights," *id.* at 22, excessive force, *id.* at 23, "unlawful conditions of confinement," *id.* at 24, 28, 30, 32, and "procedural due process/Fifth Amendment violation," *id.* at 25. Plaintiff also brought claims under the Federal Tort Claims Act ("FTCA") for assault, battery, negligence, and conspiracy, *id.* at 33, and under the Administrative Procedure Act. *Id.* at 36-37.

Following screening, Plaintiff was directed to file an amended complaint because he had failed to "assert specific claims against many of the individually named defendants," and he had failed to allege that he had filed an FTCA administrative claim. ECF No. 10 at 4, 6.

**The First Amended Complaint.** In August 2021, Plaintiff filed the First Amended Complaint. ECF No. 11. It named 34 defendants, and raised ten *Bivens* claims and an APA claim. *Id.* Plaintiff removed the FTCA claim, but stated that "Plaintiff intends to move to amend the complaint if there has been no response after six months have passed from that filing, to add an FTCA claim." *Id.* at 3.

**The Second Amended Complaint.** In December 2021, Plaintiff filed the Second Amended Complaint. ECF No. 34. Plaintiff included the same Defendants and same claims as the First Amended Complaint, but added an FTCA cause of action. *See id.* at 43.

**The Third Amended Complaint.** In June 2022, Plaintiff filed the Third Amended Complaint. ECF No. 93. The Third Amended Complaint was 39 pages, named 26 defendants

(down from 34), and raised five *Bivens* claims (down from ten), FTCA and APA causes of action, and added a habeas corpus cause of action. *Id.*

**The proposed Fourth Amended Complaint.** On November 16, 2022, the Parties filed a joint motion asking the Court to set a deadline for Plaintiff to file a motion to amend the complaint.³ *See* ECF No. 113. The Parties represented to the Court that the Fourth Amended Complaint was "expected to remove and streamline certain claims in this matter." *Id.* at 1.⁴ The Parties requested that the Court set February 21, 2023, as the deadline for Plaintiff to file a "*motion for leave to file* a Fourth Amended Complaint." *Id.* (emphasis added).

On February 21, 2023, Plaintiff did not file a motion for leave to file a Fourth Amended Complaint, nor did Plaintiff attach as an exhibit a copy of the proposed changes in the amended complaint, as required under the Court's local rules. *See* D.C.COLO.LCivR 15.1(b).

Instead, Plaintiff filed the Fourth Amended Complaint, which now totals 74 pages (not including exhibits). ECF No. 117. It names 31 Defendants (an increase of five), and raises new claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and well as under RFRA. *Id.* Plaintiff still includes FTCA claims, but has brought these claims only against Defendants Wilcox, Gustafson, and the "Florence Defendants." *Id.* at 67-70. These changes increased the number of claims from 8 to 20.

---

³ On November 4, 2022, the Court granted Plaintiff's prior counsel's motion to withdraw. ECF No. 112 (order). Plaintiff's current counsel entered their appearances in October 2022. *See* ECF Nos. 106, 110.
⁴ Plaintiff's counsel now state that they "would not have agreed with Defendants' counsel nor anyone else to limit or narrow the scope of Mr. King's claims nor parties to this action." ECF No. 121 at 5-6.

On February 23, 2023, after the Parties conferred, Plaintiff filed the Motion to Amend.[5] ECF No. 121. Plaintiff included a redline version of the Third Amended Complaint, which shows that the proposed Fourth Amended Complaint (also found at ECF No. 117) is a completely different document from the Third Amended Complaint. *See* ECF No. 121-1.

Thus, the issue is whether Plaintiff should be granted leave to file the proposed Fourth Amended Complaint, which does not "remove and streamline certain claims in this matter," as agreed to by the Parties, but rather expands the scope of this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 states that, 21 days after service of a Federal Rule of Civil Procedure 12(b) motion, a complaint can only be amended by leave of the court or the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). A court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).

"But in considering the 'needs of justice,' the Court must take into consideration the interests of all parties." *Grays v. Navient Solutions, LLC*, No. 1:20-cv-452-WJM-SKC, 2021 WL 6010962, at *2 (D. Colo. Sept. 14, 2021), *report and recommendation adopted*, No. 20-cv-0452-WJM-SKC, 2021 WL 5277146 (D. Colo. Nov. 12, 2021). A court may thus deny leave on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir.

---

[5] A portion of the Motion to Amend is Plaintiff's "Notice of Errata," in which Plaintiff indicates that they intended the 42 U.S.C. § 1983 claims to be brought under *Bivens*, and that certain sections of the Fourth Amended Complaint contained typographical and other errors. ECF No. 121 at 2-3. However, Plaintiff has not filed any proposed amended complaint that corrects these issues.

2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). The decision to grant or deny leave is ultimately "within the discretion of the district court." *Medina Escobar v. Reid*, No. 06-cv-01222-CMA-KLM, 2009 WL 3060426, at *1 (D. Colo. Sept. 18, 2009).

I. **The Motion to Amend should be denied as the proposed amendments are futile.**

"A district court may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice LLC v. Sebelius,* 709 F.3d 1012, 1018 (10th Cir. 2013) (internal quotation marks omitted). In determining whether a proposed amendment is futile, a court should analyze the proposed amendment as if it were before the court on a motion to dismiss. *See Lodge at Mountain Vill. Owner Ass'n, Inc. v. Eighteen Certain Underwriters of Lloyd's of London*, No. 20-cv-00380-CMA-SKC, 2020 WL 9424373, at *2 (D. Colo. Nov. 16, 2020), *report and recommendation adopted*, 2021 WL 1169983 (D. Colo. Mar. 29, 2021).

Plaintiff's proposed amendments are futile for three reasons.[6] *First*, Plaintiff's claims

---

[6] There is an additional reason for the Court to consider the futility arguments. Because Plaintiff is a prisoner, the Court is required to consider the content of his proposed amended complaint. 28 U.S.C. § 1915A(a) provides that "[t]he court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added). Section 1915A does not differentiate between cases where a plaintiff is represented by counsel and cases where a plaintiff is pro se, and it applies not only to initial complaints, but also to amended complaints. *Cf., e.g.*, *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013) (noting that "federal law would have required the district court to screen the amended complaint" of an inmate); *Antonio v. Moore*, 174 F. App'x 131, 138 (4th Cir. 2006) (affirming district court's denial of motion to amend, noting that "[t]hese claims would both be subject to immediate dismissal as frivolous under 28 U.S.C. § 1915A"). Moreover, this Court's Local Rules also discuss "Review of Prisoner Pleadings." D.C.COLO.LCivR 8.1(b) provides that a "judicial officer designated by the Chief Judge shall review the pleadings of a prisoner (whether represented by counsel or not) to determine whether the pleadings should be dismissed

under 42 U.S.C. § 1983 fail to state a claim because those claims can only be brought against defendants acting under color of state law.  *Second*, defendants would be entitled to qualified immunity on Plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986, and those claims would also be outside the applicable statute of limitations.  *Lastly*, the FTCA claims are subject to dismissal because they are not brought against the United States, but only against individual defendants.[7]

### A. The proposed claims under Section 1983 are futile.

In the proposed Fourth Amended Complaint, Plaintiff brings five new claims under Section 1983.  ECF No. 117 at 58-67.  Section 1983 would not support Plaintiff's claims because Section 1983 only allows suits against persons acting under color of state, not federal law, and the defendants unquestionably act under the latter.  *See Kucera v. CIA*, 754 Fed.App'x 735, 737 (10th Cir. 2018).  Plaintiff acknowledges this issue in the Motion to Amend.  *See* ECF No. 121 at 2.  Accordingly, the Motion to Amend to include Section 1983 claims should be denied as futile.

### B. The claims under Sections 1985 and 1986 are futile.

**Qualified immunity.**  The Motion to Amend should be denied because the Individual Defendants would be entitled to qualified immunity on Plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986.  "[P]ublic officials enjoy qualified immunity in civil actions that are

---

summarily if the prisoner is … (2) challenging prison conditions [or] (3) seeking redress from a governmental entity, officer, or employee."  Thus, especially because the proposed Fourth Amended Complaint presents many new claims, at minimum this Court should screen it pursuant to Section 1915A.

[7] For purposes of this response, Defendants have focused on the new claims Plaintiff proposes to include in the Fourth Amended Complaint.  Defendants do not concede that the claims in the existing Third Amended Complaint are plausibly pleaded or would not otherwise be subject to a motion to dismiss.

brought against them in their individual capacities and that arise out of the performance of their duties." *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013). Qualified immunity is "an immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1986), and "is 'the norm' in private actions against public officials," who enjoy a "presumption of immunity when the defense of qualified immunity is raised." *Pahls*, 718 F.3d at 1227. To overcome this presumption, Plaintiff bears a heavy two-prong burden to allege facts plausibly showing that each Defendant: (1) violated a statutory or constitutional right that was (2) clearly established at the time of the challenged conduct. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

*First*, Plaintiff's allegations do not go beyond conclusory repetition of the elements of the claim itself. "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Vazirabadi v. Denver Health & Hosp. Auth.*, 782 F. App'x 681, 689 (10th Cir. 2019) (quoting *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993)). Here, the proposed Fourth Amended Complaint does not plausibly support a claim under Section 1985(3), because the allegations simply repeat the allegations of the claim in conclusory fashion.[8] *See, e.g.*, ECF No. 117 at 56 (conclusory allegation that defendants "did unlawfully and knowingly conspire for the purpose of depriving Mr. King … equal protection of the laws, and of equal privileges and immunities under the laws.").

*Second*, it was not clearly established at the time of the challenged conduct that a

---

[8] In order to state a claim under Section 1986, Plaintiff must adequately plead a violation of Section 1985. *See Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985). Because Plaintiff has not done so, Plaintiff has also failed to state a claim under Section 1986.

8

conspiracy can arise as between employees of the same government agency (here, the BOP). In 2017, the Supreme Court in *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867-69 (2017) addressed this very question. The Court made clear that defendants "are entitled to qualified immunity with respect to the claims under 42 U.S.C. § 1985(3)." *Id.* at 1869.

The Court explained that "the fact that the courts are divided as to whether or not a § 1985(3) conspiracy can arise from official discussions between or among agents of the same entity demonstrates that the law on the point is not well established." *Id*. at 1868. In other words, this legal question was not beyond debate. When the courts are divided on an issue central to the cause of action, a reasonable official lacks the notice required before imposing liability. And because the law is not clearly established, Defendants here could not reasonably have known that alleged conspiracies devised with fellow BOP employees could subject them to liability under § 1985(3). For this same reason, the Section 1986 are also not clearly established.

Thus, the Motion to Amend to include claims under 42 U.S.C. §§ 1985(3) and 1986 should be denied. *See Quintana v. City & Cty. of Denver*, No. 20-cv-0214-WJM-KLM, 2021 WL 2913044, at *3-*4 (D. Colo. July 12, 2021) (denying leave to amend to add claims against defendants entitled to qualified immunity); *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1262-65 (D. Colo. 2011) (concluding that amendment adding new claims would be futile given that the defendants would be entitled to qualified immunity); *Green v. Wiley*, No. 07-cv-01011DM, 2009 WL 256588, at *4 (D. Colo. Feb. 4, 2009) (denying plaintiff leave to amend as futile because newly proposed defendants were entitled to qualified immunity).

**Statute of limitations**. The Section 1985 and 1986 claims also fail because they are barred by the statute of limitations. In Colorado, tort actions and actions against any public or

governmental employee or entity are subject to a two-year statute of limitations. Colo. Rev. Stat. § 13-80-102. This two-year statute of limitations applies to claims alleged under Section 1985. *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010) ("For conspiracy claims under § 1985(3), courts have also applied the forum state's personal-injury statute of limitations."). The statute of limitations for claims brought under Section 1986 is one year. *See O'Connor v. St. John's Coll.*, 290 F. App'x 137, 142 (10th Cir. 2008). The statute of limitations "begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994).

In Counts One and Three, Plaintiff brings a claim for the first time under Sections 1985 and 1986 for an assault at FCI Florence. ECF No. 117 at 55-58. But that assault is alleged to have occurred on or around August 17, 2018. *Id.* at 3-4. The statute of limitations thus expired in August 2020, over two years before Plaintiff brought these claims. Accordingly, Counts One and Three are barred by the applicable statute of limitations.

In Count Two, Plaintiff alleges that certain Defendants at USP Leavenworth, USP McCreary, and USP Lee conspired to harm Plaintiff, violating Section 1985. *Id.* at 56. But Plaintiff alleges that he was housed at USP Leavenworth from August 22, 2018 to February 28, 2019, *id.* at 35, and moved to USP McCreary on February 28, 2019, where he was attacked on May 20, 2019. *Id.* at 36. Then Plaintiff alleges that he was moved to USP Lee in July 2019, and was transferred away from USP Lee sometime in 2019.[9] *Id.* The statute of limitations thus

---

[9] Plaintiff alleges that he was later moved back to USP Lee from May to August 2022, but he does not allege a conspiracy or any harm from that transfer. *Id.* at 40.

expired at the latest in 2021.  Accordingly, Count Two is barred by the applicable statute of limitations.

In Counts Seven and Nine, Plaintiff alleges that "beginning on or about January 1, 2020," certain defendants began to conspire against Plaintiff, violating Sections 1985 and 1986.  *See* ECF No. 117 at 61-63.  Accordingly, because Plaintiff alleges that he was aware of the conspiracy as of that time, the statute of limitations expired at the latest in January 2022, and Counts Seven and Nine are also barred by the applicable statute of limitations.

   **C. Plaintiff's FTCA claims against individual actors are futile.**

All of Plaintiff's FTCA causes of action in the Fourth Amended Complaint are brought against individual defendants, and not against the United States.  *See, e.g.*, ECF No. 117 at 67-70 (reference to individual defendants and not the United States for the FTCA causes of action).  The United States is the only proper defendant under the FTCA.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action.  Thus, the district court correctly dismissed Smith's FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties.").  Thus, the FTCA claims in the Fourth Amended Complaint are all subject to dismissal, and are therefore futile.

**II.   The Motion to Amend should be denied because of undue delay on the part of Plaintiff and undue prejudice to Defendants.**

In the event the Court determines that Plaintiff's proposed amendments would not be futile, Plaintiff's Motion to Amend should be denied based on the procedural posture of this case as both (a) unfairly delayed and (b) unfairly prejudicial to Defendants.  Despite representing to the Court that any proposed Fourth Amended Complaint would "remove and streamline certain

claims in this matter," ECF No. 113 at 1, Plaintiff added five defendants, increased the length of the complaint from 39 to 74 pages, and increased the number of claims from 8 to 20.[10]

Under Federal Rule of Civil Procedure 15, "leave is not automatic," and delay can "justify[] denial of leave to amend." *Medina*, 2009 WL 3060426, at *1. Denial based on delay is appropriate "when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). A court may also deny leave to amend where the moving party was aware of information "on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). Indeed, "[l]eave to amend is especially suspect when the party seeking to amend knows or should have known the facts contained in the proposed amendment at the time he filed the earlier pleadings, but failed to include them in the earlier pleadings." *Medina*, 2009 WL 3060426, at *1. At bottom, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan*, 397 F.3d at 1315.

Plaintiff's Motion to Amend should be denied based on undue delay. This action has been pending since May 2021, and Plaintiff—who has been represented by counsel throughout this case—has filed four other complaints. *See* ECF Nos. 1, 11, 34, 93. Plaintiff offers no explanation for seeking leave to file the proposed Fourth Amended Complaint that includes new causes of action under new legal theories nearly two-years after he filed this action, other than to suggest that the prior complaint, which was drafted by prior counsel, is "tantamount to malpractice." ECF No. 121 at 5.

---

[10] A review of the redlined version of the Third Amended Complaint, ECF No. 121-1, emphasizes that Plaintiff eliminated every line in the Third Amended Complaint, and did not streamline the claims.

And Plaintiff, through counsel, should have known of the new legal relief contained in the proposed Fourth Amended Complaint at the time this action was filed in May 2021, and certainly by the time Plaintiff filed his operative Third Amended Complaint in June 2022. For example, Plaintiff offers no explanation for why he should not have known about the new statutes that he seeks to cite—42 U.S.C. §§ 1985(3) and 1986, and RFRA. These statutes are public and available to Plaintiff. This is particularly true because Plaintiff has been represented by counsel throughout this case. Yet, Plaintiff never filed suit under any of these statutes.

Further, Plaintiff's RFRA claims are based off Plaintiff's "religious affinity [of] witchcraft" and "magical practices," ECF No. 117 at 16-17, and Plaintiff's alleged "ability to participate in his religious practice of group ceremony, access religious materials, and attend groups with prisoners sharing his religious identity under the pretext of his housing in the SHU." *Id.* at 61. However, Plaintiff alleges that the denial of access to religious activities commenced in August 2018. *Id.* at 52. Despite filing this action in May 2021, none of the prior complaints addressed any allegations that Defendant's interfered with Plaintiff's free exercise of religion.

The Court should reject Plaintiff's attempts to continuously add new claims, new legal theories, and new defendants. When a party seeks to amend new legal relief based on new legal theories that he should have previously known about, courts routinely deny leave to amend. *See Robinson v. ACG Processing*, No. 17-cv-2725-MSK-STV, 2018 WL 6603957, at *4 (D. Colo. Nov. 21, 2018) (denying leave to amend where plaintiff sought to add new legal claim that he should have already known about), *report and recommendation adopted*, No. 17-cv-02725-MSK-STV, 2019 WL 3334684 (D. Colo. July 25, 2019); *Turan v. Edgar*, No. 13-cv-01827-LTB-MJW, 2015 WL 729349, at *3 (D. Colo. Feb. 19, 2015) (denying leave to amend where plaintiff

13

"identified no newly discovered facts to justify her delay in seeking amendment, only 'newly discovered legal theories'"); *see also Minter*, 451 F.3d at 1206 ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' [or] to present 'theories seriatim' in an effort to avoid dismissal" (citations omitted)).

Because Plaintiff knew about the newly added relief sought since this case began, and should have known about the statutes Plaintiff now seeks to cite in his proposed amended complaint, the Motion to Amend to include claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and under RFRA, should be denied.

Moreover, as a result of Plaintiff's delay, allowing the new claims as proposed in the Fourth Amended Complaint would prejudice Defendants. This case was originally filed in 2021 with nearly 40 individual defendants, many in their individual capacities, for monetary damages.[11] Throughout the next three amendments and two years, Plaintiff and former counsel narrowed the number of Defendants down to 26, and the number of claims to 8, upon the filing of the Third Amended Complaint. *See* ECF No. 93. Based on identified deficiencies after conferral, Plaintiff and his current counsel then agreed to "remove and streamline certain claims in this matter." ECF No. 113 at 1. But with the proposed Fourth Amended Complaint, Plaintiff did not do that, and rather added new causes of action based on new legal theories against new defendants, many of which are facially non-cognizable. The Court should reject Plaintiff's

---

[11] Notably, at least two of the individual defendants (Nicole English and Lieutenant Jared Herbig) have not been served in this case, despite being listed in the original complaint in May 2021, *see* ECF No. 1, and the Court requiring Plaintiff to serve these defendants no later than May 31, 2022. *See* ECF No. 61 (Order requiring Plaintiff to serve the remaining unserved Defendants on or before 5/31/2022 pursuant to Rule 4(m)).

efforts to continuously expand the scope of this action through amendments that delay this case further and waste judicial resources.

## CONCLUSION

For the foregoing reasons, the Motion to Amend, ECF No. 121, should be denied. To the extent Plaintiff's current counsel does not wish to proceed with the Third Amended Complaint, Plaintiff should be required to file a new complaint that "remove[s] and streamline[s]" the Third Amended Complaint, to permit this case to proceed in an efficient manner that is not prejudicial to Defendants.

Dated: March 1, 2023.	Respectfully submitted,

COLE FINEGAN
United States Attorney

s/ Andrew M. Soler
*Andrew M. Soler*
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0201
E-mail: Andrew.Soler@usdoj.gov
Counsel for the Served Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

jenipherj@dolawllc.com
sandra@sandrafreemanlaw.com

s/ *Andrew M. Soler*
Andrew M. Soler