IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01421-CNS-KLM

ERIC KING,

     Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
CATHY GOETZ, former Warden FCI Florence,
D.K. LENNON, Acting Warden FCI Florence,
NICOLE ENGLISH, Regional Director and Former Warden, USP Leavenworth,
JOHN F. WILLIAMS, Warden, FCI Englewood,
ERLINDA HERNANDEZ, Associate Warden, FCI Florence,
TONYA HAWKINS, Warden, FCI Florence,
DONALD WILCOX,
JEFFREY KAMMRAD,
ROBERT GICONI,
DUSTIN GUSTAFSON,
KEVIN CARROLL,
RICHARD WHITE,
ALFRED GARDUNO,
TERRA BRINK aka Terra Maine,
MICHELLE ABRAHAM,
LEANNE REYNOLDS,
RONALD BATOUCHE,
LOREENA FRABONI,
D. CHRISTENSEN,
MARK MELVIN,
LIEUTENANT JARED HERBIG, Special Investigative Services, USP Leavenworth,
LIEUTENANT QUEZADA, Special Investigative Services, FCI Englewood,
CAPTAIN SAPP,
LIEUTENANT STARCHER,
JOHN DOES 1-10, Unknown Federal Agents or Employees (FCI Florence Does and USP Leavenworth Does), and
JOHN DOES 11-15, Segregation Review Officials (SRO) for USP Leavenworth and FCI Englewood,

     Defendants.

# ORDER

This matter comes before the Court on Plaintiff's Objection to NonDipositive [sic] Magistrate Judge Order (ECF No. 132). For the reasons set forth below, Plaintiff's Objection is OVERRULED, and the Order of the United States Magistrate Judge is AFFIRMED.

## I. BACKGROUND

On February 23, 2023, Plaintiff timely filed a fourth motion to amend his complaint (ECF No. 121). On March 1, 2023, the Served Defendants timely filed a response to the motion to amend (ECF No. 123). Pursuant to D.C.COLO.LCivR 7.1(d), the deadline for Plaintiff to file his reply in support of his motion was due on March 15, 2023. Plaintiff failed to file a reply by March 15, 2023, nor did he timely seek an extension of time to do so.

Instead, on March 22, 2023, Plaintiff filed a belated motion to extend that time to file the reply (ECF No. 128). Defendants opposed the motion (ECF No. 130). The Magistrate Judge denied the motion to extend, noting that this Court's Practice Standards require any motion for extension of time to file a document to be filed *on or* before the deadline expires (ECF No. 131 (citing Civ. Practice Standard 6.1A(d))). Moreover, the Magistrate Judge concluded that Plaintiff failed to demonstrate good cause or excusable neglect to justify the failure to timely file a reply or timely request an extension to do so (ECF No. 131 at 2).

Plaintiff timely objected to the Magistrate Judge's order (ECF No. 132). Plaintiff argues that the Uniform Practice Standards adopted by four members of this Court are "contrary to law and the federal rules and are thus invalid" (*id.* at 5–6). Plaintiff also asserts that he demonstrated "excusable neglect" in failing to timely file a reply or a motion for extension of time to do so (*see id.* at 7). The Court considers, and rejects, both arguments below.

## II. STANDARD OF REVIEW

When a magistrate judge issues an order on a non-dispositive matter, the order will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). Under the clearly erroneous standard, the magistrate judge's order will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Id.*

## III. ANALYSIS

The Court has reviewed Plaintiff's objection and Defendant's response thereto. Both of Plaintiff's arguments fail to demonstrate that decision of the Magistrate Judge was clearly erroneous.

First, the assertion that the Uniform Practice Standards are "invalid" is rejected. It is well within the discretion of the Court to create and enforce practice standards that assist in the orderly administration of justice. *See, e.g., McDermott v. Lehman*, 594 F. Supp. 1315, 1319 (D. Me. 1984) (determining that the purpose of a local rule was "to ensure the orderly, efficient and expeditious management" of court's "extensive motion practice"). Requiring that a motion for extension of time to file a document be filed before the deadline for filing such document expires can hardly be construed as "inconsistent" with the Federal Rules of Civil Procedure. Moreover, such a requirement in no way eliminates a party's ability to argue that good cause or excusable neglect excuses the failure to comply with the Practice Standard. Indeed, as demonstrated by Plaintiff's briefing in this matter, he has argued just that and the Magistrate Judge considered, but rejected, his argument.

Second, Plaintiff has failed to produce *any* justification for the failure to file a timely motion to extend the time to file a reply. While the medical conditions of Plaintiff and his wife

may excuse active participation by Plaintiff, counsel ignores the fact that it was *she* who was required to file the motion for extension of time, not her client. Assuming that Plaintiff's counsel was unable to confer with her client about the reply to allow a timely response, the appropriate, reasonable, and required course of action would be to file a motion for extension of time. Plaintiff's counsel did not do that. Instead, she waited until a full week after the deadline expired to request an extension of time and offered no justification for the belated filing of the motion.

Notably, rather than addressing her failure to follow this Court's Local Rules or Practice Standards, counsel wastes several pages of her objection attacking Defendants' behavior in this litigation, as if such alleged behavior is possibly relevant to the issue before the Court. At this point, it appears counsel needs to review yet another Civil Practice Standard—namely Civil Practice Standard 10.1(c)(4)—which advises counsel against the use of personal attacks or mischaracterizations of opposing counsel in documents filed with the Court.

## IV. CONCLUSION

Consistent with the above analysis, the Court OVERRULES Plaintiff's Objection to the United States Magistrate Judge's Order (ECF No. 132). The Magistrate Judge's Order (ECF No. 131) is AFFIRMED.

DATED this 26th day of April 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge