**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01421-CNS-KAS

ERIC KING,

     Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
CATHY GOETZ, Former Warden FCI Florence,
D.K. LENNON, Acting Warden FCI Florence,
JOHN F. WILLIAMS, Warden, FCI Englewood,
ERLINDA HERNANDEZ, Associate Warden, FCI Florence,
TONYA HAWKINS, Warden, FCI Florence,
DONALD WILCOX,
JEFFREY KAMMRAD,
ROBERT GICONI,
DUSTIN GUSTAFSON,
KEVIN CARROLL,
RICHARD WHITE,
ALFRED GARDUNO,
TERRA BRINK,
MICHELLE ABRAHAM,
LEANN REYNOLDS,
RONALD BATOUCHE,
LOREENA FRABONI,
D. CHRISTENSEN,
MARK MELVIN,
LIEUTENANT QUEZADA, Special Investigative Services, FCI Englewood,
CAPTAIN SAPP,
LIEUTENANT STARCHER,
JOHN DOES 1-10, Unknown Federal Agents or Employees (FCI Florence Does and USP Leavenworth Does),
JOHN DOES Segregation Review Officials (SRO) for USP Leavenworth and FCI Englewood.
ROBERT CORDOVA, FCI Florence Special Investigative Lieutenant,
BRADLEY GRIELICK, Former Warden FCI Englewood
JOHN DOES 16-20, Unknown Federal Agents or Employees of the United States Marshal Service, and
ANDRE MATEVOUSIAN, Former Warden of Florence Correctional Complex, Current

1

North Central Regional Director,

    Defendants.

---

## DEFENDANTS' MOTION TO DISMISS

---

Defendants move to dismiss Plaintiff's Fourth Amended Complaint, ECF No. 139 ("FAC"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  Plaintiff brings 20 claims against 27 Defendants pursuant to 42 U.S.C. § 1985(3); 42 U.S.C. § 1986; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); the Religious Freedom Restoration Act ("RFRA"); the Federal Tort Claims Act ("FTCA"); and the Administrative Procedure Act ("APA").

All of Plaintiff's claims should be dismissed, as discussed below.[1]

*First*, the Court lacks jurisdiction over Plaintiff's FTCA claims (claims 15, 16, 17, & 18) and APA claims (claims 19 & 20).  Plaintiff did not administratively exhaust *any* FTCA claim before commencing action.  Further, the APA claims (seeking review of the use of restraints and housing placement while in federal custody) are moot because

---

[1] Pursuant to Civ. Practice Standard 7.1(B)(b), on March 18, 2024, undersigned counsel conferred with counsel for Plaintiff regarding the identified deficiencies in the FAC.  As a result of that conferral, Plaintiff, through counsel, agreed to file a fifth amended complaint that will not bring claims under *Bivens* or the APA.  Plaintiff's counsel also agreed that Plaintiff will not add any additional claims, defendants, or allegations in a proposed fifth amended complaint, and will only eliminate claims.  *See, e.g.*, ECF No. 176 (explaining the Parties' agreement).  However, on April 25, 2024, Plaintiff's counsel informed undersigned counsel that they instead intend to file a fifth amended complaint that will add additional claims (including additional *Bivens* claims), add additional Defendants, and add additional allegations.  The Parties were thus unable to reach agreement regarding whether the identified deficiencies are curable by the filing of an amended pleading.

Plaintiff has been released from custody.

*Second*, Defendants are entitled to qualified immunity on the Section 1985 and 1986 claims (claims 1, 2, 3, 6, 8, & 9) because Plaintiff is not part of the small class that these claims are available to.  The Supreme Court also made explicit that it is not clearly established that Defendants can be liable under Section 1985 and 1986.  Further, these claims are barred by the applicable statute of limitations.

*Third*, this Court should not recognize new *Bivens* damages remedies for Plaintiff's excessive force, cruel and unusual punishment, deliberate indifference, and "trial interference" claims (claims 4, 5, 10, 11, 12, & 14).  Plaintiff's claims also fail because the Defendants are entitled to qualified immunity.

*Lastly*, Defendants are entitled to qualified immunity on the RFRA claims (claims 7 & 13) because Plaintiff does not plead personal participation of *any* Defendant.

## BACKGROUND

At the time of the events alleged, Plaintiff was in the custody of the Federal Bureau of Prisons ("BOP").  ECF No. 139 at 2-3.  In the FAC, Plaintiff alleges, among other things, that he was:  assaulted in 2018, *id.* at 4, 22-26; not provided medical care, *id.* at 31-33, 51-54; assaulted in 2020, *id.* at 43; housed with white supremacist prisoners, *id.* at 33-36; retaliated against while in pretrial custody, *id.* at 36-47; and not provided vegan meals and candles as required by his religion, *id.* at 16-17, 50-51.

Plaintiff's 20 claims against the 27 Defendants,[2] and the bases for dismissal, are

---

[2] English, Herbig, J. Wilcox and Humphries are listed as Defendants in the FAC. However, on August 1, 2023, Plaintiff dismissed English and Herbig, ECF No. 145, on August 29, 2023, Plaintiff dismissed J. Wilcox, ECF No. 152, and on October 13, 2023,

described below:

| No. | Defendants | Allegations | Basis for Dismissal |
|---|---|---|---|
| 1 | Abraham, Batouche, Brink, Carroll, Cordova, Fraboni, Garduno, Giconi, Kammrad, Melvin, Reynolds, White, and D. Wilcox | Conspiracy to injure Plaintiff in violation of Section 1985(3) relating to alleged 2018 assault.  ECF No. 139 ¶¶ 174-178. | 12(b)(6): Section 1985 does not cover Plaintiff and BOP employees cannot conspire with each other.  Also time-barred. |
| 2 | Abraham, Batouche, Brink, Carroll, Cordova, Fraboni, Garduno, Giconi, Gustafson Kammrad, Melvin, Reynolds, White, and D. Wilcox | Conspiracy to harm Plaintiff by housing him with white supremacists in violation of Section 1985(3).  *Id.* ¶¶ 179-184. | 12(b)(6): Section 1985 does not cover Plaintiff and BOP employees cannot conspire with each other.  Also time-barred. |
| 3 | Batouche, Christensen Fraboni, Giconi, Goetz, Hawkins, Hernandez, Lennon, Matevousian, Melvin, and Williams | Failure to protect Plaintiff in violation of Section 1986 relating to housing him with white supremacists and alleged assault.  *Id.* ¶¶ 185-189. | 12(b)(6): No Section 1985 claim is adequately pleaded. Also time-barred. |
| 4 | Abraham, Batouche, Brink, Carroll, Cordova, Fraboni, Garduno, Giconi, Kammrad, Melvin, Reynolds, White, and D. Wilcox | Eighth Amendment *Bivens* claim alleging Defendants used excessive force on August 17, 2018, by assaulting Plaintiff and placing him in restraints.[3] *Id.* ¶¶ 190-195. | 12(b)(6): No *Bivens* damages remedy is available and Defendants are entitled to qualified immunity |
| 5 | Abraham, Batouche, Brink, Carroll, Cordova, Fraboni, Garduno, Giconi, Kammrad, Melvin, Reynolds, White, and D. Wilcox | Eighth Amendment *Bivens* claim for deliberate indifference to medical needs, alleging that following an August 17, 2018, alleged assault, Defendants did not evaluate Plaintiff for an injury.  *Id.* ¶¶ 196-201. | 12(b)(6): No *Bivens* damages remedy is available and Defendants are entitled to qualified immunity |

Plaintiff dismissed Humphries.  ECF No. 159.  Thus, English, Herbig, J. Wilcox, and Humphries are not listed in the table below, nor counted as Defendants in this action.
[3] Plaintiff mentions the Fourth Amendment in the caption for claim 4, but the text only mentions the Eighth Amendment.

| No. | Defendants | Allegations | Basis for Dismissal |
|---|---|---|---|
| 6 | Greilick, Gustafson, and Williams | Conspiracy to injure Plaintiff in violation of Section 1985(3). *Id.* ¶¶ 202-205. | 12(b)(6): Section 1985 does not cover Plaintiff and BOP employees cannot conspire with each other. |
| 7 | Greilick, Matevousian, Quezada, Sapp, and Starcher | RFRA claim alleging denial of access to group religion and vegan diet. *Id.* ¶¶ 206-210. | 12(b)(6): Defendants are entitled to qualified immunity because no personal participation of any Defendant is pleaded. |
| 8 | Greilick, Matevousian, Quezada, Sapp, and Starcher | Failure to protect Plaintiff from harassment and assault in 2020 by Defendant Gustafson, in violation of Section 1986. *Id.* ¶¶ 211-215. | 12(b)(6): No Section 1985 claim is adequately pleaded. |
| 9 | Matevousian, Quezada, Sapp, Starcher, and Williams | Failure to protect Plaintiff from harassment and destruction of property during criminal trial, in violation of Section 1986. *Id.* ¶¶ 216-220. | 12(b)(6): No Section 1985 claim is adequately pleaded. |
| 10 | Greilick and Williams | Eighth Amendment *Bivens* claim for "pretrial punishment," alleging "atypical" treatment while in pretrial custody.[4] *Id.* ¶¶ 221-224. | 12(b)(6): No *Bivens* damages remedy is available and Defendants are entitled to qualified immunity |

---

[4] Plaintiff also mentions the Fifth and Sixth Amendments in the caption for claim 10, but the text only mentions the Eighth Amendment.  Plaintiff also alleges a violation of the "Mandela Rules for Treatment of Prisoners" in claims 10, 11, 14, 19, and 20.  The Nelson Mandela Rules cannot provide a basis for any claim.  *See, e.g.*, *Ejonga v. Strange*, No. 221CV01004RJBGJL, 2023 WL 6931799, at *10 (W.D. Wash. Sept. 14, 2023), *report and recommendation adopted*, No. 221CV01004RJBGJL, 2023 WL 6895160 (W.D. Wash. Oct. 19, 2023) (holding that "[t]he Nelson Mandela Rules have even less force as a source for a § 1983 claim," and collecting cases).

| No. | Defendants | Allegations | Basis for Dismissal |
|---|---|---|---|
| 11 | "All Defendants, named and unnamed" | Eighth Amendment *Bivens* clam for "trial interference," alleging interference with access to the courts.[5] *Id.* ¶¶ 225-229. | 12(b)(6): No *Bivens* damages remedy is available and Defendants are entitled to qualified immunity |
| 12 | "All named Defendants" | Eighth Amendment *Bivens* claim for deliberate indifference to medical needs, alleging failure to treat or address head injury and related symptoms. *Id.* ¶¶ 230-236. | 12(b)(6): No *Bivens* damages remedy is available and Defendants are entitled to qualified immunity |
| 13 | "All Defendants, named and unnamed" | RFRA claim, alleging prevention of group ceremony, denial of religious items and a vegan diet. *Id.* ¶¶ 237-240. | 12(b)(6): Defendants are entitled to qualified immunity because no personal participation of any Defendant is pleaded. |
| 14 | "All Defendants, named and unnamed" | Eighth Amendment *Bivens* claim for cruel and unusual punishment, alleging placement in segregated housing without review. *Id.* ¶¶ 241-244. | 12(b)(6): No *Bivens* damages remedy is available and Defendants are entitled to qualified immunity |
| 15 | United States[6] | FTCA claim, alleging that D. Wilcox assaulted Plaintiff on August 17, 2018. *Id.* ¶¶ 245-248. | 12(b)(1): Plaintiff did not present any FTCA administrative remedy. |
| 16 | United States | FTCA claim, alleging that all "Florence Defendants" assaulted Plaintiff on August 17, 2018. *Id.* ¶¶ 249-252. | 12(b)(1): Plaintiff did not present any FTCA administrative remedy. |

---

[5] Plaintiff also mentions the Fifth and Sixth Amendments in the caption for claim 11, but the text only mentions the Eighth Amendment.

[6] While Plaintiff names individuals as Defendants in the FTCA claims (claims 15, 16, 17, and 18), the United States is the only proper Defendant in an FTCA claim. *See* 28 U.S.C. § 2679(b)(l).

| No. | Defendants | Allegations | Basis for Dismissal |
|-----|-----------|-------------|---------------------|
| 17 | United States | FTCA claim, alleging that all "Florence Defendants" assaulted Plaintiff on August 17, 2018, by using restraints. *Id.* ¶¶ 253-256. | 12(b)(1): Plaintiff did not present any FTCA administrative remedy. |
| 18 | United States | FTCA claim, alleging that Defendants Carrol, Garduno, Giconi, Kammrad, and White and used unlawful force on June 18, 2020. *Id.* ¶¶ 257-260. | 12(b)(1): Plaintiff did not present any FTCA administrative remedy *prior* to commencing action. |
| 19 | BOP | APA claim requesting review of placement in the special housing unit. *Id.* ¶¶ 261-267. | 12(b)(1): APA claims are moot because Plaintiff has been released from custody. |
| 20 | BOP | APA claim requesting review of the use of restraint device in August 17, 2018. *Id.* ¶¶ 268-271. | 12(b)(1): APA claims are moot because Plaintiff has been released from custody. |

## MOTION TO DISMISS UNDER RULE 12(b)(1)

**I.   The Court lacks jurisdiction over Plaintiff's FTCA claims (15, 16, 17, & 18).**

Plaintiff raises four FTCA claims.  Claims 15, 16, and 17 are related to an August 17, 2018, alleged assault, and claim 18 is related to a June 18, 2020, alleged assault. As discussed below, Plaintiff did not administratively exhaust any of these FTCA claims prior to commencing this action on May 25, 2021.

Specifically, the Court lacks jurisdiction over claims 15, 16, and 17 because Plaintiff did not present *any* administrative FTCA claim related to the 2018 alleged assault (the only FTCA administrative claim Plaintiff presented to the BOP involved the alleged 2020 assault).  Moreover, the Court lacks jurisdiction over *all* of Plaintiff's FTCA claims because Plaintiff commenced this action before the expiration of the six-month

processing period afforded to the BOP under 28 U.S.C. § 2675(a) to review Plaintiff's

FTCA administrative claim related to the 2020 alleged assault.

### A.  FTCA administrative exhaustion requirements

The FTCA provides that a suit against the United States shall be the exclusive

remedy for persons, like Plaintiff, with claims for money damages resulting from the

allegedly negligent or wrongful actions of federal employees taken within the scope of

their employment.  *See* 28 U.S.C. § 2679(b)(1).  But claimants must first exhaust their

administrative remedies with the appropriate federal agency before bringing suit.

To satisfy the FTCA's administrative exhaustion requirements, a claimant must

provide: (1) a written statement sufficiently describing the injury to enable the agency to

begin its own investigation and (2) a sum certain damages claim.  *See Bradley v. United

States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citing 28 C.F.R. §

14.2(a)).  The FTCA further provides the appropriate federal agency (here, the BOP) six

months to review the administrative claim, and if there is not a response, it is then

deemed constructively denied.  28 U.S.C. § 2675(a) (affording agencies six-months "to

make final disposition of a claim").  These requirements are jurisdictional, they must be

strictly construed, and they cannot be waived.  *See Bradley v. United States ex rel.

Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).

### B.  Plaintiff's only administrative tort claim involved a 2020 alleged assault.

Plaintiff's FTCA claims regarding the alleged assault on August 17, 2018 (claims

15, 16, & 17) are barred because Plaintiff did not present *any* FTCA administrative claim

regarding that alleged assault.  Since entering BOP custody, Plaintiff has presented

only one FTCA administrative tort claim.  *See* Exhibit 1, Declaration of J. Herbig ("Herbig Decl.") at 4, ¶¶ 8-10, Attach. B-D.[7]  That single FTCA administrative claim only described an alleged assault on June 18, 2020.  *Id.* ¶ 10, Attach. C.

Although Plaintiff—for the first time in the FAC—references an October 22, 2018, administrative claim presented to the BOP, ECF No. 139 at 67, the BOP has no record of such a claim.  *See* Herbig Decl. at 4, ¶¶ 8-9, Attach. B; *see also* ECF No. 1 (initial complaint; no reference to an October 2018 FTCA administrative claim); ECF No. 11 (first amended complaint; same); ECF No. 34 (second amended complaint; same); ECF No. 93 (third amended complaint; same).  Plaintiff also provides no record of such a claim (or denial of such a claim) in the 190 pages of exhibits attached to the FAC.[8]  *See* ECF Nos. 139-1–139-16.

Thus, because Plaintiff's only FTCA administrative claim filed with the BOP did not involve or describe the August 17, 2018, alleged assault, Plaintiff has not presented a written statement sufficiently describing the incident with a sum certain damages claim, and claims 15, 16, & 17[9] must be dismissed for lack of jurisdiction.  *See*

---

[7] The Court can consider this declaration in this factual attack on subject matter jurisdiction.  *See Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (a factual attack on subject matter jurisdiction "goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction," and the district court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts").

[8] Undersigned counsel requested a copy of the alleged October 2018 FTCA administrative claim from counsel for Plaintiff, who indicated that they do not have a copy of the alleged claim.

[9] Any claim relating to the August 17, 2018, assault is also barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff received a disciplinary decision related to the assault where he lost good time credits.  *See Edwards v. Balisok*, 520 U.S. 641 (1997) (extending *Heck* to prison disciplinary proceedings).  *Heck* is an

*D'Addabbo v. United States*, 316 F. App'x 722, 723-25 (10th Cir. 2008) (affirming dismissal of FTCA cause of action for lack of jurisdiction where plaintiff failed to properly present an administrative claim to the applicable agency).[10]

### C. Plaintiff commenced this action before exhausting any FTCA claim.

Additionally, the Court lacks jurisdiction over *all* of Plaintiff's FTCA claims because Plaintiff commenced this action prior to the expiration of the six-month claim processing period afforded to the BOP.

As described above, Plaintiff has filed only one FTCA administrative claim (related to the alleged 2020 assault). *See* Herbig Decl. at 4, ¶¶ 8-10., Attach. B-D. Plaintiff dated that claim February 23, 2021, and it was received by the BOP on March 1, 2021. *Id.* ¶ 10, Attach. C. Importantly, as Plaintiff alleges, Plaintiff *did not* receive a response from the BOP to that claim prior to filing suit. *See* ECF No. 139 at 6; *see also* Herbig Decl. at 4, ¶ 10, Attach. D (BOP denial of FTCA claim dated November 9, 2021). Accordingly, Plaintiff's FTCA administrative claim was deemed constructively denied *no earlier* than August 23, 2021, and *could not* have been exhausted prior to August 23, 2021. *See* 28 U.S.C. § 2675(a). But Plaintiff commenced this action on May 25, 2021,

---

"essential element" of a civil claim that Plaintiff bears the burden to prove. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011). A copy of the disciplinary decision is attached to the FAC. ECF No. 139-5.

[10] Under the FTCA's statute of limitations, 28 U.S.C. § 2401(b), a claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *See In re Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004). Plaintiff's claim here accrued on the date of the alleged incident in 2018. *See, e.g.*, *Cannon v. United States*, 338 F.3d 1183, 1190 (10th Cir. 2003). The FTCA's two-year limitations period therefore expired in 2020. Plaintiff did not present any claim related to the 2018 alleged assault by that date. Any future FTCA administrative claim related to the 2018 alleged assault is thus barred.

ECF No. 1 at 33-34 (complaint containing FTCA claim filed on May 25, 2021), nearly two months *prior* to when his claim could have been deemed exhausted.

The Tenth Circuit's decision in *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) is particularly instructive here.  There, the Tenth Circuit made clear that a Court lacks jurisdiction over an FTCA cause of action if Plaintiff commenced the action prior to expiration of the six-month claim processing period afforded to the agency under 28 U.S.C. § 2675(a).  Importantly, the Tenth Circuit held that "a premature complaint *cannot be cured through amendment*, but instead, plaintiff *must file a new suit*."  *Duplan*, 188 F.3d at 1199 (emphasis added).  The Court's rationale was that "[a]llowing claimants … to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless."  *Id.*

Courts in this district have also been clear that they lack jurisdiction over an FTCA cause of action that was not exhausted at the time the action was initiated.  *See, e.g.*, *Rodriguez v. Wiley*, No. 08-cv-02505-PAB-CBS, 2010 WL 1348017, at *4-5 (D. Colo. Feb. 25, 2010) (dismissing FTCA claims not exhausted at time action was commenced); *Stine v. Swanson*, No. 07-cv-00799-WYD-KLM, 2008 WL 4330568, *1 (D. Colo. Sept. 18, 2008) (amended complaint cannot cure a lack jurisdiction for an FTCA cause of action that existed at the time of the filing of the original complaint).

Thus, the Court lacks jurisdiction over the FTCA claims (15, 16, 17, and 18).

## II. Plaintiff's APA claims (19 & 20) are moot because he has been released from federal custody.

Plaintiff brings two APA claims in the FAC.  *First*, Plaintiff requests review of his

placement in the "Special Housing Unit" while in custody.  ECF No. 139 at 70 (claim 19).

*Second*, Plaintiff requests review of the use of a "restraint device" that occurred on

August 17, 2018, while Plaintiff was in custody.  *Id.* at 71 (claim 20).

The APA only authorizes injunctive relief.  *See United States v. Murdock Mach. &*

*Engr. Co.*, 81 F.3d 922, 930 n. 8 (10th Cir.1996) (describing the APA as "a general

waiver of the government's sovereign immunity from injunctive relief").  Both APA claims

are moot, and the Court lacks jurisdiction over them, because Plaintiff has been

released from custody.  *See* Herbig Decl. at 3, ¶ 4, Attach. A (Plaintiff released from

custody on February 23, 2024).[11]  Thus, any injunctive relief regarding the use of

restraints or Plaintiff's housing placement would have no effect on Plaintiff.

Courts "have no subject matter jurisdiction if a case is moot."  *Rio Grande Silvery*

*Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).  "'Mootness is

a threshold issue because the existence of a live case or controversy is a constitutional

prerequisite to federal court jurisdiction.'"  *Id.* (quoting *Disability Law Ctr. v. Millcreek*

*Health Ctr.*, 428 F.3d 992, 996 (10th Cir.2005)).  A claim will be deemed moot unless a

"proper judicial resolution" would settle "some dispute which affects the behavior of the

defendant toward the plaintiff."  *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir.

1999) (internal citation and quotation marks omitted).  A case becomes moot "when a

plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial

decision.'"  *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012); *see also Brunner v.*

---

[11] The Court can consider this declaration in this factual attack on subject matter jurisdiction.  *See Baker*, 979 F.3d at 872.

*Wyo. Dep't of Corr's*, 2023 WL 2733472, at *1 (10th Cir. Mar. 31, 2023).

Under these principles, courts have long recognized that Plaintiff may not obtain relief where "release signals the end of the alleged deprivation of his constitutional rights, [and] an entry of equitable relief in his favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him."  *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011); *see also Bacote v. Federal Bureau of Prisons*, No. 22-1325, 2024 WL 927032 (10th Cir. Mar. 5, 2024) (case rendered prudentially moot when inmate transferred to a different facility because plaintiff failed to demonstrate danger of recurrent violation); *Lee v. Shephard*, 986 F.2d 1427 (10th Cir. 1993) (rejecting claim for equitable relief as "moot because he has been released from confinement.").  Indeed, the Tenth Circuit recently held that an appeal filed by Plaintiff was rendered moot upon his release.  *See King v. Ciolli*, No. 23-1201, 2024 WL 1179908, at *5 (10th Cir. Mar. 19, 2024) ("Mr. King's appeal has been rendered moot by his release from prison on February 23, 2024.").

Thus, the Court should dismiss Plaintiff's APA claims (19 & 20) because Plaintiff has been released from BOP custody.  *See Jordan*, 654 F.3d at 1029.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

Plaintiff's Section 1985 and 1986 claims (1, 2, 3, 6, 8, & 9), *Bivens* claims (4, 5, 10, 11, 12, & 14), and RFRA claims (7 & 13) must be dismissed under Rule 12(b)(6).

I.  **Section 1985 and 1986 claims (1, 2, 3, 6, 8, & 9) are not available to Plaintiff.**

Plaintiff contends that the 25 named Defendants (all BOP employees) engaged

in a conspiracy together to deprive him of certain rights.[12]  Defendants are entitled to

qualified immunity on the Section 1985 and 1986 claims because Plaintiff is not part of

the class of individuals to which these claims are available.  And even if they were

available, it was not clearly established at the time of the challenged conduct that a

conspiracy can arise as between employees of the same agency (here, the BOP).

Further, some of these claims are barred by the applicable statute of limitations.

> A.  Defendants are entitled to qualified immunity.

Defendants are entitled to qualified immunity on the Section 1985 and 1986

claims.  "[P]ublic officials enjoy qualified immunity in civil actions that are brought

against them in their individual capacities and that arise out of the performance of their

duties."  *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013).  Qualified immunity "is

'the norm' in private actions against public officials," who enjoy a "presumption of

immunity when the defense of qualified immunity is raised."  *Id*.  Plaintiff bears a heavy

two-prong burden to allege facts showing that each Defendant: (1) violated a statutory

or constitutional right that was (2) clearly established at the time of the challenged

conduct.  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

*First*, Plaintiff's allegations do not establish a Section 1985 claim, and as a result,

they do not state a Section 1986 claim.  The Tenth Circuit has explained that Section

---

[12] There are *zero* substantive allegations in the FAC against Defendants Christensen, Goetz, Greilick, Hawkins, Hernandez, Lennon, Matevousian, and Williams.  There are only two allegations against Defendant Cordova, alleging that he investigated the August 17, 2018, assault, oversaw the collection of evidence, and monitored Plaintiff's emails.  ECF No. 139 at 12, 23.  And there only two allegations against Defendants Sapp and Starcher, alleging that Plaintiff reported complaints to them.  *Id*. at 40, 43.

1985 claims are extremely narrow, and limited to classes of individuals "involved in the strife in the South in 1871 with which Congress was then concerned."  *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983); *see also Sullivan v. Hartford Fin. Servs. Grp., Inc.*, No. 22-3118, 2023 WL 4635888, at *3 (10th Cir. July 20, 2023) (applying *Wilhelm*).  In *United Brotherhood of Carpenters v. Scott*, 462 U.S. 825 (1983), the Supreme Court held that Section 1985(3) did not cover conspiracies motivated by economic, political, or commercial animus.  *Id.* at 837.  Indeed, the Supreme Court held that "it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against [African Americans]…."  *Id.* at 836.

In light of the Supreme Court's holding, in *Wilhelm*, the Tenth Circuit determined that "the classes covered by § 1985 *should not be extended* beyond those already *expressly provided for* by the [United States Supreme] Court."  *See Wilhelm*, 720 F.3d at 1176 (emphasis added).  Accordingly, Plaintiff must first demonstrate he is a member of a class "involved in the strife in the South in 1871."  *Id.*  Here, Plaintiff has neither alleged nor established that he is a member of a such a class.  Because the FAC lacks such allegations, a Section 1985 claim is unavailable to Plaintiff.  And, to state a claim under Section 1986, Plaintiff must adequately plead a violation of Section 1985.  *See Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985).  Thus, Plaintiff has also failed to state a claim under Section 1986.

*Second*, it was not clearly established at the time of the challenged conduct that a conspiracy can arise as between employees of the same agency (here, the BOP).  In 2017, the Supreme Court in *Ziglar v. Abbasi*, 582 U.S. 120, 151-155 (2017) addressed

this very question.  The Court made clear that Defendants "are entitled to qualified immunity with respect to the claims under 42 U.S.C. § 1985(3)." *Id.* at 155.

The Court explained that "the fact that the courts are divided as to whether or not a § 1985(3) conspiracy can arise from official discussions between or among agents of the same entity demonstrates that the law on the point is not well established." *Id.* at 154.  In other words, this legal question was not beyond debate, and the law on this point has not changed since *Abbasi*.  When the courts are divided on an issue central to the cause of action, a reasonable official lacks the notice required before imposing liability.  And because the law is not clearly established, Defendants here could not reasonably have known that conspiracies allegedly devised with fellow BOP employees could subject them to liability.  *See Ahlberg v. State of Kan., Dept. of Corrections*, No. 89-4002-S, 1990 WL 80925, at *3 (D. Kans. May 16, 1990) ("it is well-settled that a conspiracy action under § 1985 cannot be maintained when all of the members of the alleged conspiracy are members of the same entity").

### B.  Claims 1, 2, and 3 are also barred by the statute of limitations.[13]

In Colorado, the statute of limitations for claims under Section 1985 is two years. *See Colo*. Rev. Stat. § 13-80-102; *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).  The statute of limitations for claims under Section 1986 is one year.  *See O'Connor v. St. John's Coll.*, 290 F. App'x 137, 142 (10th Cir. 2008).

Claims 1 and 3 are related to an alleged assault on August 17, 2018.  *See* ECF

---

[13] For purposes of this motion to dismiss, Defendants do not argue that claims 6, 8, and 9 are barred by the statute of limitations.

No. 139 at 54-57; *see also id.* at 3-4.  The statute of limitations thus expired in August 2020, nearly three years before Plaintiff first brought these claims.  *See* ECF No. 139 (FAC filed on July 17, 2023, first containing the Section 1985 and 1986 claims). Accordingly, these claims are time barred.

In claim 2, Plaintiff alleges that Defendants at USP Leavenworth, USP McCreary, and USP Lee conspired to harm Plaintiff.  *Id.* at 55-56.  But Plaintiff alleges that he was housed at USP Leavenworth from August 22, 2018, to February 28, 2019, *id.* at 34, and moved to USP McCreary on February 28, 2019, where he was allegedly attacked on May 20, 2019.  *Id.* at 35.  Plaintiff alleges that he was moved to USP Lee in July 2019, and was transferred away from USP Lee sometime in 2019.  *Id.* at 35-36.  The statute of limitations thus expired at the latest in 2021, two years after he left USP Lee and two years before Plaintiff first brought these claims.  Accordingly, claim 2 is time barred.

## II.   No damages remedy exists for the *Bivens* claims (4, 5, 10, 11, 12, & 14).

Plaintiff raises six *Bivens* claims.  These claims appear to be properly categorized as Eighth Amendment claims for excessive force (4), cruel and unusual punishment (10, 14), deliberate indifference to medical needs (5, 12), and trial interference (11).[14]

A *Bivens* remedy exists only in three contexts,[15] and it "is impermissible in

---

[14] Plaintiff mentions the Fourth Amendment in the caption for claim 4, but the text only mentions the Eighth Amendment.  *See* ECF No. 139 at 57-58.  Plaintiff mentions the Fifth and Sixth Amendments in the caption for claim 10, but the text only mentions the Eighth Amendment.  *Id.* at 62-63.  Plaintiff mentions the Fifth and Sixth Amendments in the caption for claim 11, but the text only mentions the Eighth Amendment.  *Id.* at 63-64.

[15] The three existing contexts are in the cases: (1) *Bivens* (Fourth Amendment search and seizure); (2) *Davis v. Passman*, 442 U.S. 228, 230–31, 244–47 (1979) (Fifth

virtually all circumstances" to imply a remedy in a new context.  *Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (discussing *Egbert v. Boule*, 596 U.S. 482, 490–93 (2022)).  The Supreme Court has directed courts to undertake a two-step inquiry before implying a *Bivens* remedy.  In the first step, a court determines if a claim presents a "new context" different from the three "instances in which the Court has approved of an implied damages remedy."  *Abbasi*, 582 U.S. at 131 (2017).  In the second step, a court decides whether alternative remedies or any other "special factors counselling hesitation" in creating a new damages remedy exist.  *Id.* at 136.

A.  Plaintiff's claims present a new context.

Plaintiff's claims for excessive force (4), cruel and unusual punishment (10, 14), and trial interference (11) are clearly new contexts from the three prior cases.  The only prior Eighth Amendment case—*Carlson*—deals with medical care.  Because even small difference constitutes a new context, *see* Abbasi, 582 U.S. at 147, and these claims do not deal with medical care, they are new contexts.  Plaintiff's remaining Eighth Amendment claims (5, 12) do deal with medical care, but they nevertheless present a new context because they differ from *Carlson*.  Most importantly, in both claims 5 and 12, unlike in *Carlson*, Plaintiff does not allege that medical providers were responsible for his injury.  *See id.* at 139-40 ("A case might differ in a meaningful way because of the rank of the officers involved.").

---

Amendment termination of employee); and (3) *Carlson v. Green*, 446 U.S. 14, 16 n.1, 18–19 (1980) (Eighth Amendment deliberate indifference to serious medical needs).

These distinctions between Plaintiff's claim and *Carlson* fall within the Supreme Court's broad understanding of a new context.  *See Mohamed v. Santisteven*, No. 21-cv-02676, 2023 WL 6376709-NYW-MDB, at *9-10 (D. Colo. Sept. 29, 2023) (plaintiff's Eighth Amendment claims presented "a new *Bivens* context"); *Hill v. Wade*, No. 20-cv-03658-CNS-MDB, 2023 WL 935475, at *4-5 (D. Colo. Dec. 27, 2023) (Sweeney, J.) (same).  Indeed, the Tenth Circuit has already concluded that an inmate's Eighth Amendment claim "would require an expansion of *Bivens*."  *Silva*, 45 F.4th at 1137.

B.  <u>Alternative remedies are available to Plaintiff.</u>

The availability of alternative remedies and Congress' better positioning to create remedies in the prison context serve as "independent reasons" for dismissal.  *Egbert*, 596 U.S. at 494.  Indeed, very recently, the Tenth Circuit and this Court held in multiple cases that because the BOP's Administrative Remedy Program ("ARP") was available to inmates such as Plaintiff, a *Bivens* claim is "not cognizable" for Plaintiff.  *See Hayes v. Doe*, No. 23-1330, 2024 WL 260521, at *4 (10th Cir. Jan. 24, 2024) (*Bivens* claims were "foreclosed" by ARP); *Logsdon v. United States Marshal Service*, 91 F.4th 1352 (10th Cir. 2024) (same); *Noe v. United States et al.*, No. 23-1025, 2023 WL 8868491, *3 (10th Cir. Dec. 22, 2023) (same); *Silva*, 45 F.4th at 1141 (same); *Noe v. United States*, No. 21-cv-01589-CNS-STV, 2023 WL 179929, at *3 (D. Colo. Jan. 13, 2023) (Sweeney, J.) (same).  Thus, as the Tenth Circuit and this Court has recently reinforced, Plaintiff, a BOP inmate during the allegations in the FAC, does not have a plausible *Bivens* claim.

**III.    Defendants are entitled to qualified immunity.**

Even if there were a damages remedy available (and there is not), Defendants are entitled to qualified immunity on Plaintiff's *Bivens* claims.

A.    No clearly established excessive force violation (claim 4)

Plaintiff fails to plead facts sufficient to state Eighth Amendment excessive force claim.  Plaintiff pleads claim 4 against Abraham, Batouche, Brink, Carroll, Cordova, Fraboni, Garduno, Giconi, Kammrad, Melvin, Reynolds, White, and D. Wilcox.[16]

**No constitutional violation**.  As an initial matter, Plaintiff fails to plead the required personal participation of Abraham, Batouche, Brink, Carroll, Cordova, Fraboni, Garduno, Melvin, Reynolds, or White in any excessive force or cruel and unusual punishment allegation, establishing the absence of any violation.  *See Skinner v. U.S. Bureau of Prisons*, 283 F. App'x 598, 599 (10th Cir. 2008) (without allegations that a defendant "directly participated in any constitutional violation," the "claim must fail").

At best, Plaintiff merely groups some (but not all) Defendants together, and contends that Defendants Brink, Carroll, Garduno, Reynolds, and White all arrived while Plaintiff was being restrained as part of the 2018 assault.  ECF No. 139 at 25.  Plaintiff further alleges that Defendants Abraham, Carroll, Garduno, Melvin, and White may have assisted with placing Plaintiff into restraints (without specifying any role or action).  *Id.* at 26.  And Plaintiff raises no allegations of force against any other Defendant. Because Plaintiff has not pleaded personal participation, Defendants are subject to

---

[16] Defendants D. Wilcox, Kammrad, and Giconi are not raising the defense of qualified immunity for claim 4, but reserve the right to assert the defense of qualified immunity at a later stage of the case.

dismissal.  *See James v. Robb*, No. 15-cv-02700-GPG, 2016 WL 1059619, at *1 (D. Colo. Mar. 17, 2016) ("As a result of the failure to allege personal participation by any Defendants in those [excessive force] allegations, those claims of alleged excessive force will be dismissed.").

To the extent the Court finds personal participation, the allegations also do not show an excessive force violation.  An excessive-force claim has: "(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind."  *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003).

Plaintiff's allegations do not support a reasonable inference that placing or assisting Plaintiff into restraints after an assault on a correctional officer was excessive. As to Defendants Brink, Carroll, Garduno, Reynolds, and White, Plaintiff alleges that they arrived while Plaintiff was being restrained, ECF No. 139 at 25, and that Abraham, Carroll, Garduno, Melvin, and White may have assisted with placing Plaintiff into restraints.  *Id.* at 26.  As to the other Defendants, Plaintiff raises no allegations of force.

These facts also do not plausibly show that "*every reasonable official*" in the position of these Defendants would have known, "*beyond debate*," that their immediate decisions about how to restraint Plaintiff after an assault on a correctional officer would violate the Constitution.  *See al-Kidd*, 563 U.S. at 741 (emphasis added).  Even less do these facts here show that the force used was unnecessary, excessive, or wanton. Rather, the facts show that after an assault on a correctional officer, Defendants "had

reason to use some force," to the extent any force was used.  *Green v. Corrs. Corp. of America*, 401 F. App'x 371, 376 (10th Cir. 2010).  Accordingly, the FAC is insufficient as a matter of law to meet the objective element.

Moreover, there is no subjective component pleaded because, at best, these facts clearly establish a correctional purpose "to restore order in the face of a prison disturbance."  *Whitley v. Albers*, 475 U.S. 312, 320 (1986).  Plaintiff's allegations do not plausibly suggest otherwise.  Accordingly, Plaintiff has not adequately pleaded an excessive force violation.

**Not clearly established.**  Plaintiff has not pleaded facts sufficient to demonstrate that the alleged use of restraints after an assault on a correctional officer was excessive.  In fact, as noted above, Plaintiff merely alleges that Defendants Brink, Carroll, Garduno, Reynolds, and White all arrived while Plaintiff was being restrained, and that Defendants Abraham, Carroll, Garduno, Melvin, and White may have assisted with placing Plaintiff into restraints (without specifying any role or action).  ECF No. 139 at 25-26.  No Supreme Court or Tenth Circuit case establishes that arriving while an inmate is being placed into restraints, or assisting with placing an inmate into restraints, after an assault on a correctional officer is a violation of the Eighth Amendment.  Because Defendants "might not have known for certain that the[ir] conduct was unlawful," they are "immune from liability." *Abbasi*, 582 U.S. at 152.

B.   <u>No clearly established deliberate indifference claim (claims 5 & 12)</u>

Plaintiff fails to plead facts sufficient to state an Eighth Amendment deliberate indifference claim (claims 5 and 12).  Plaintiff pleads claim 5 against Defendants

Abraham, Batouche, Brink, Carroll, Cordova, Fraboni, Garduno, Giconi, Kammrad, Melvin, Reynolds, White, and D. Wilcox, and claim 12 against "All named Defendants."

**No constitutional violation**.  Again, Plaintiff fails to plead any personal participation in the denial of medical care, establishing the absence of any violation. *See Skinner*, 283 F. App'x at 599.  At best, Plaintiff includes the cursory allegation that Defendants Batouche and Fraboni "took no action to provide him with appropriate care for serious medical needs."  ECF No. 139 at 11.  But Plaintiff also alleges that these same Defendants "observed and checked Mr. King."  *Id.*  Plaintiff also includes the allegation that "FCI Englewood officials were deliberately indifferent to this serious health need and did not attend to Mr. King's request for neurological examination or treatment," *id.* at 46, but fails to allege which, if any, specific Defendant was deliberately indifferent, or what any specific individual did or failed to do.  *See also id.* at 52-54 (allegations regarding denial of care without referencing specific Defendants).

Plaintiff merely recites either that *all* Defendants "deliberately disregarded Mr. King's constitutional protections against deliberate indifference," *id.* at 58, acted with "deliberate indifference to significant health needs," *id.* at 63, or "knew or witnessed that Mr. King experienced blunt force trauma to the head and/or present with symptoms consistent with traumatic brain injury."  *Id.* at 65.  Because Plaintiff has not pleaded personal participation, these claims are subject to dismissal.  *See Houck v. Denham*, No. 15-cv-894-KMT, 2017 WL 11425592, at *10 (D. Colo. Mar. 27, 2017) ("The court concludes Plaintiff has failed to state a claim of deliberate indifference … because [Plaintiff] has not alleged personal participation.").

Those allegations also fail to show that any Defendant observed or had reason to know of a constitutional violation.  *See Bowman v. Sawyer*, No. 19-cv-1411-WJM-KMT, 2020 WL 6390992, at *5 (D. Colo. Nov. 2, 2020) (the defendant must have "caused" the deprivation of a federal right for a constitutional violation).  To state a deliberate indifference claim, Plaintiff must allege facts establishing that: (1) he was deprived of "the minimal civilized measure of life's necessities"—the objective component; and (2) the defendant acted with a "sufficiently culpable state of mind"—the subjective component.  *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted).

Plaintiff fails to plead factual allegations, taken as true, to establish that any Defendant both deprived him of certain care and did so with deliberate indifference. The allegations do not plausibly establish the Defendants' actual awareness and disregard of a substantial harm.  Plaintiff does not allege that any Defendant was aware that the failure to provide care could cause or contribute to Plaintiff's alleged injury, or that care was necessary.  Nor do the allegations establish that the Defendants prevented Plaintiff from receiving any necessary medical care.  Indeed, Plaintiff alleges that he was provided care.  *See* ECF No. 139 at 11.

**Not clearly established**.  Nor has Plaintiff pleaded facts sufficient to demonstrate that the alleged denial of care violated clearly established law.  Plaintiff fails to allege any facts to support a conclusion that clearly established law would put a reasonable prison official in Defendants' position on notice that their conduct in this case—which at best amounted to a good-faith determination that Plaintiff did not require a neurological exam or treatment while in restraints as the Defendants "observed and

checked Mr. King," ECF No. 139 at 11—violated the Constitution.  *Accord Noreiga v. Pelletier*, No. 21-cv-02879-WJM-MEH, 2022 WL 2702883, at *5 (D. Colo. July 12, 2022) (defendants were entitled to qualified immunity where claim was based on defendants choosing "a different course of treatment that the one preferred by Plaintiff"), *report and recommendation adopted by* 2023 WL 2446221 (D. Colo. Mar. 10, 2023).

  C. <u>No clearly established violation of the Cruel and Unusual Punishment Clause (claims 10 & 14)</u>

  Plaintiff fails to plead facts supporting a cruel and unusual punishment claim in claims 10 or 14.  Plaintiff pleads claim 10 against Defendants Greilick and Williams, and claim 14 against "All Defendants, named and unnamed."

  **No constitutional violation**. As noted, there are *zero* substantive allegations against Defendants Greilick and Williams.  *See supra* at 14, n. 12.  Thus, Plaintiff fails to plead personal participation of these Defendants, establishing the absence of any violation for claim 10.  *See Skinner*, 283 F. App'x at 599.

  As to claim 14, Plaintiff appears to plead that the "refusal to review Mr. King's placement in segregated housing" is a violation of the Eighth Amendment.  *See* ECF No. 139 at 66.  But again, Plaintiff fails to plead which, if any, Defendants, were responsible for the failure to provide a review of Plaintiff's housing placement, establishing the absence of any violation for claim 14.

  Moreover, to the extent the Court finds personal participation, the allegations also do not show a constitutional violation.  Plaintiff fails to plead how the absence of a review of his housing placement, rather than the placement itself, is an Eighth Amendment violation.  Accordingly, Plaintiff has failed to plead a constitutional violation.

**Not clearly established**.  Plaintiff also fails to plead that the failure to review placement in segregated housing violated clearly established law.  No Supreme Court or Tenth Circuit case establishes the failure to provide review of segregated housing placement is an Eighth Amendment violation.  *Accord McAdams v. Wyo. Dep't of Corrections*, 561 Fed.Appx. 718, 721–22 (10th Cir. 2014) (finding that confinement in segregated housing is insufficient to give rise to a due process claim).  Because Defendants "might not have known for certain that the[ir] conduct was unlawful," they are "immune from liability." *Abbasi*, 582 U.S. at 152.

D.    No clearly established trial interference violation (claim 11)

Plaintiff fails to plead facts sufficient to state a trial interference claim (claim 11).  Plaintiff pleads this claim against "All Defendants, named and unnamed."

**No constitutional violation**.  Plaintiff once again fails to plead personal participation, establishing the absence of any violation.  *See Skinner*, 283 F. App'x at 599.  At most, Plaintiff alleges that Defendant Quezada "ordered that Mr. King was to be moved and housed in a 'suicide cell' at the Federal Detention Center where he would be observed, surveilled, and under 24-hour lighting."  ECF No. 139 at 45; *see also id.* at 44-47 (trial interference allegations; no reference to any other Defendant).

But Plaintiff fails to plead how Defendant Quezada's alleged placement of Plaintiff in such housing interfered with right to trial.  *See Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2010 WL 1291833, at *11 (D. Colo. Mar. 30, 2010) ("An inmate making a direct challenge to conditions of confinement under the 8th Amendment, must show that, judged by contemporary standards of decency, the conditions either involve

the wanton and unnecessary infliction of pain, that they are grossly disproportionate to the severity of the crime, or that they entail serious deprivation of basic human needs.").

Plaintiff thus fails to allege a trial interference claim under the Eighth Amendment's Cruel and Unusual Punishment clause.

**Not clearly established**.  Plaintiff has not pleaded facts sufficient to demonstrate that any Defendant interfered with Plaintiff's rights pertaining to his trial.  As noted, Plaintiff merely alleges that Defendant Quezada "ordered that Mr. King was to be moved and housed in a 'suicide cell' at the Federal Detention Center where he would be observed, surveilled, and under 24-hour lighting."  ECF No. 139 at 45.  But these allegations do not show that it was clearly established that Defendants violated the Eighth Amendment.

## IV. Defendants are entitled to qualified immunity on the RFRA claims (7 & 13) because Plaintiff does not plead personal participation.

Plaintiff raises two RFRA claims (7 & 13).  Plaintiff alleges that all 27 Defendants (including the BOP and United States) interfered with Plaintiff's free exercise of his religion.  Plaintiff only seeks monetary and punitive damages for this alleged interference.  ECF No. 139 at 60, 66.[17]

Plaintiff's RFRA claims are based off Plaintiff's alleged "religious affinity [of]

---

[17] Under RFRA, Plaintiff can only obtain injunctive relief against the BOP and the United States.  *See United States v. Dillard*, 884 F. Supp. 2d 1177, 1182 (D. Kan. 2012), *aff'd*, 795 F.3d 1191 (10th Cir. 2015) (no waiver of federal government's sovereign immunity for monetary damages claims under RFRA); *see also Tanzin v. Tanvir*, 592 U.S. 43, 52 (2020).  Plaintiff does not request any injunctive relief in the FAC, ECF No. 139 at 60, 66 (requesting only "monetary and punitive damages"), and thus any RFRA claim against the BOP and the United States must be dismissed for this additional reason.

witchcraft," a "vegan religious diet," and "magical practices," ECF No. 139 at 16, and Plaintiff's alleged "ability to participate in his religious practice of group ceremony, access religious materials, and attend groups with prisoners sharing his religious identity under the pretext of his housing in the SHU." *Id.* at 60, 66.

To maintain a RFRA claim, the FAC must set forth sufficient facts on which the Court can find that each Defendant was an active participant in the alleged interference with Plaintiff's free exercise of his religion, and that the Defendant acted with purposeful discrimination. *See Iqbal*, 556 U.S. at 676–77; *Davis v. Fed. Bureau of Prisons*, No. 15-cv-0884-WJM-MJW, 2017 WL 11504857, at *8 (D. Colo. Apr. 7, 2017) (dismissing RFRA claim for lack of personal participation), *aff'd*, 798 F. App'x 274 (10th Cir. 2020). Absent these allegations of personal participation, Defendants are entitled to qualified immunity on the RFRA claims. *See Zirpolo v. Williams*, No. 19-cv-2024-WJM-KMT, 2020 WL 3104078, at *4 (D. Colo. June 11, 2020) (dismissing RFRA claims and finding defendants are entitled to qualified immunity where plaintiff failed "to allege that any Defendant personally participated in a clearly established violation of RFRA").

Accordingly, the FAC must explain "what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The FAC must include allegations that each specific Defendant took part in the specific interference with Plaintiff's free exercise of his religion. *See Jabarah v. Wray*, No. 21-cv-01047-NYW-NRN, 2024 WL 816410, at *11 (D. Colo. Jan. 30, 2024) (dismissing complaint that did

not specify whether and how the specific defendants "took part" in alleged RFRA claim), *report and recommendation adopted*, 2024 WL 816410 (Feb. 27, 2024).

Here, Defendants are entitled to qualified immunity on Plaintiff's RFRA claims because the FAC lacks *any allegations* regarding specific Defendants' alleged interference with Plaintiff's free exercise of his religion, let alone what each Defendant did to him and when each Defendant did it. *See id.* For example, Plaintiff pleads that "the prison served brown bag dinners consisting of a cheese and bologna sandwich for meals … Mr. King was told 'your vegan option is taking the meat off of your sandwich,'" without specifying when this occurred, and which, if any, Defendant served Plaintiff such a meal, or told him to take meat off his sandwich. ECF No. 139 at 16. Plaintiff also alleges that he was "denied access to group religious activities including participating in a group of incarcerated individuals who practice his faith," but fails to plead when he was denied access to group activities, and which, if any, Defendant denied such access. *Id.* at 17. Plaintiff further alleges that he was "denied access to religious counsel and practice," again without specifying who denied such access. *Id.* at 50-51.

Accordingly, because none of these claims reference any specific Defendant, let alone properly plead personal participation, Defendants are entitled to qualified immunity, and the RFRA claims must be dismissed.

## CONCLUSION

For the foregoing reasons, the FAC should be dismissed for lack of jurisdiction, and for failure to state a claim.

Dated: May 6, 2024.                    Respectfully submitted,

                                       COLE FINEGAN
                                       United States Attorney

                                       s/ Andrew M. Soler
                                       **Andrew M. Soler**
                                       Assistant United States Attorney
                                       1801 California Street, Suite 1600
                                       Denver, Colorado 80202
                                       Telephone: (303) 454-0201
                                       E-mail: Andrew.Soler@usdoj.gov
                                       Counsel for the Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, I electronically filed the foregoing with the

Clerk of Court using the ECF system which will send notification of such filing to the

following e-mail addresses:

jenipherj@dolawllc.com
sandra@sandrafreemanlaw.com

*s/ Andrew M. Soler*
Andrew M. Soler
